FILED

2019 JUL 24  PM 2: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____ D✓

1  Eric Hatteberg
2  2322 Calle Almirante
3  San Clemente, CA  92673
4  949-370-0051
5  Plaintiff in Pro Per

6
7
8
9          **UNITED STATES DISTRICT COURT**
10         **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| Eric Hatteberg, an individual, | Case No.:  **SACV 19 - 01425 DOC (KESx)** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS** |
| vs. | **OF THE FAIR DEBT** |
| CAPITAL ONE BANK (USA), N.A. | **COLLECTION PRACTICES ACT** |
| ASSIGNEE OF HSBC BANK | **15 U.S.C.  § 1692 et seq.;** |
| NEVADA, N.A.,  | **TELEPHONE CONSUMER** |
| Defendant. | **PROTECTION ACT 47 U.S.C. § 227** |
| | **et seq.** |
| | **JURY TRIAL DEMANDED** |

        Plaintiff, Eric Hatteberg, by way of Pro Se, (hereinafter "Plaintiff"), brings
his complaint against Defendant CAPITAL ONE BANK (USA), N.A. ASSIGNEE
OF HSBC BANK NEVADA, N.A. (hereinafter "CAPITAL ONE") for violations
of BOTH the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
(hereinafter "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §
227 et seq. (hereinafter "TCPA"), and alleges as follows:

1

## PRELIMINARY STATEMENT

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices by many debt collectors contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

2.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of <u>one</u> violation.  The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988).  This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd…the ignorant, the unthinking and the credulous."  *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

3.     The FDCPA has a private right of remedy.  15 U.S.C. § 1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

4.     Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *Mims. v. Arrow Fin. Servs., LLC,* US. 132 S.Ct. 740, 745 181 L.Ed 2d 881 (2012).  The TCPA makes it unlawful to make any call or text message using an automatic telephone dialing system (hereinafter "ATDS") or an artificial pre-recorded message to any wireless telephone number. 47 U.S.C. § 227(b)(1)(A)(iii).  *Baisden v. Credit Adjustments, Inc.,* 813 F. 3d 338, 342 (6th Cir. 2016).

5.     The TCPA is also a strict liability statute, and creates a private right of remedy for individual consumers.  Each TCPA violation results in damages of <u>no less than $500</u>, which may be trebled for willful or knowing violations.  § 227(b)(3)(B)-(C).  *Reyes v. BCA Financial Services, Inc.,* 312 F. Supp. 3d 1308, 1309 (Dist. Court, SD Fla. 2018).  The statute further allows a consumer to revoke any "prior express consent" to be contacted via an ATDS on a cell phone.  *Gager v. Dell Financial Services, LLC,* 727 F. 3d 265, 268 (3rd Cir. 2013).

## JURISDICTION

6.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.  Violations have occurred within one (1) year prior to the filing of this complaint.

7.     Defendant CAPITAL ONE regularly does business in this District, and within the State of California.  Thus, the Court has personal jurisdiction.

8.     Plaintiff has met all conditions precedent prior to filing this lawsuit.

## VENUE

9.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391(b), in that Defendant CAPITAL ONE transacts business in this judicial district, and the violations by CAPITAL ONE for the FDCPA and TCPA occurred in this District.  Furthermore, the events giving rise to Plaintiff's claims occurred in this District, the harm to Plaintiff occurred in this District, and Plaintiff resides within this District, in Orange County, State of California.

## PARTIES

10.     The Plaintiff in this lawsuit is Eric Hatteberg, a natural person, and a consumer pursuant to 15 U.S.C. § 1692a(3).

11.     The Defendant is CAPITAL ONE, a National Association with its principal place of business located at 1680 Capital One Drive, McLean, VA 22102.

12.    CAPITAL ONE has an agent for service of process, and may be served through its agent: CORPORATION SERVICE COMPANY 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

13.    CAPITAL ONE is an originator and servicer of unsecured credit card accounts, also called transaction accounts, as that term "transaction account" is defined by the Federal Reserve Act, Sec 19(b)(1)(C).[1]

14.    CAPITAL ONE, as *servicer* of transaction accounts, is a "debt collector" [15 U.S.C. § 1692a(6)], as one "who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." CAPITAL ONE collects and services debts due another (i.e., third-party investors who purchase credit card receivables on transaction accounts).

15.    The CEO of CAPITAL ONE is Richard D. Fairbank (hereinafter "CEO Fairbank"), who also is the CEO, President and Chairman of the Board of Capital One Financial Corporation, the parent of CAPITAL ONE.

16.    At all times relevant, Defendant CAPITAL ONE acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17.    At all times relevant, CAPITAL ONE and its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers failed to investigate the circumstances pertaining to the acts alleged herein.  Furthermore, CAPITAL ONE failed and/or refused to repudiate the alleged acts of its agents, failed to redress the harm done to Plaintiff, and failed to mitigate damages.

---

[1] The term "transaction account" means any deposit or account on which the depositor or account holder is permitted to make withdrawals by negotiable or transferable instrument, payment orders of withdrawal, telephone transfers, or other similar items for the purpose of making payments or transfers to third persons or others."
https://www.federalreserve.gov/aboutthefed/section19.htm  (last visited June 12, 2019)

4

## ARTICLE III STANDING TO BRING SUIT

18.     Plaintiff has met the required elements of an Article III standing claim to bring forth this suit in Federal Court on a private cause of action.  Plaintiff has standing to claim the relief sought in this complaint as follows:

a.     Plaintiff has suffered a particularized injury in fact.

b.     Plaintiff can provide causation of such injury traceable to CAPITAL ONE, for its violations of Federal Laws and unfair business practices.

c.     Plaintiff can receive redress through a favorable ruling in this Honorable Court.  *Allen v. Wright*, 468 U.S. 737, 751 (1984).  *Raines v. Byrd*, 521 U.S. 811 (1997).

## FACTUAL ALLEGATIONS

19.     On or around October 24, 2018, November 26, 2018, and December 24, 2018, Plaintiff sent "demand notice" via certified mail to CAPITAL ONE demanding the alleged, original and applicable certified copy of the signed cardholder agreement of a transaction account number ending in 9061 (hereinafter "the alleged account").

20.     Plaintiff sent each demand notice addressed directly to CEO Fairbank, and CAPITAL ONE received each "demand notice" from Plaintiff.  For example, the first demand notice had a certified mail tracking number of 7018 0680 0001 9382 8878, and received by CAPITAL ONE on October 29, 2018.  (See Exhibit 1).

21.     CAPITAL ONE knew or should have known that the Consumer Financial Protection Bureau (hereinafter "CFPB") requires all financial institutions to comply with a consumer's request upon receipt of notice for the <u>applicable</u> cardholder agreement.

22.     CAPITAL ONE understood that Plaintiff also requested CAPITAL ONE to cease ALL telephonic communications pursuant to the TCPA.  For example, in Plaintiff's first demand notice, Plaintiff stated the following: **"This notice also constitutes a Notice to Cease ALL Telephonic Communications.**

**Non-compliance with this request will violate the Telephone Consumer Protection Act, 47 U.S.C. Sec 227 et seq., and may cause your firm to suffer $500 in damages per alleged violation."** (Emphasis in bold).

23.     CAPITAL ONE was in default and dishonor, when it knew or should have known that despite being in receipt of three separate notices of demand for the signed, original, applicable, true and complete copy of the cardholder agreement, CAPITAL ONE *failed* to provide Plaintiff with the document required by law.  CAPITAL ONE further understood that Plaintiff disputed the alleged debt, expressed or implied, pursuant to any "account stated."[2]

24.     CAPITAL ONE understood that at all times relevant, it was obligated to Plaintiff to provide him upon demand the applicable, original, true and complete certified copy of the signed credit card agreement for the alleged account.

25.     CAPITAL ONE understood that at all times relevant during Plaintiff's multiple demand notices sent to CAPITAL ONE, Plaintiff *disputed* the actual amounts CAPITAL ONE claimed were allegedly owed by Plaintiff, and Plaintiff refused to accept the monthly offers to contract with CAPITAL ONE on any "account stated" whether expressed or implied.  *Thomas v. American Express*, 139 So. 3d 809 (Alabama Civ. Ct. App. 2013) (rejecting the notion of "account stated" to prove a debt absent Plaintiff being provided with the full terms and conditions of an applicable signed cardholder agreement).[3]

---

[2] The "account stated" is a summary of account showing monthly activity (if any), and interest (i.e., finance charges, fees, etc.), and can be expressed or implied, pursuant to the written terms and conditions of a signed applicable customer agreement showing all material and relevant facts regarding the transaction account.

[3] In Thomas v. American Express, the Plaintiff opened the account, used the card, received statements, and made payments.  ("…using circular logic, American Express relies on language found in the cardmember agreements themselves to establish that Thomas had agreed to be bound to the terms of those agreements.  Thomas, however, denies ever receiving the

26.     CAPITAL ONE began to use an ATDS on November 6, 2018 to call Plaintiff on his mobile phone 949-370-0051 in order to place collection calls on an alleged, *disputed* debt.

27.     CAPITAL ONE was fully aware that Plaintiff had sent a written notice to cease ALL communications to his mobile phone number, 949-370-0051, CAPITAL ONE knew or should have known that it was NOT to call Plaintiff, and prior consent to call (if any) was **revoked**.  (Emphasis in bold).

28.     CAPITAL ONE violated the cease and desist written notice, by calling Plaintiff using an ATDS from a number known to be used by CAPITAL ONE to make collection calls, 800-955-6600.

29.     CAPITAL ONE placed these calls daily.  For example, **CAPITAL ONE called Plaintiff using an ATDS each day from November 6, 2018 through November 29, 2018**.  (Emphasis in bold).  The only exception being Thanksgiving Day, November 22, when perhaps the robot dialer used by CAPITAL ONE was not in service.

30.     CAPITAL ONE made 23 (twenty-three) total automated collection calls to Plaintiff between the above referenced dates, in direct and blatant violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

31.     CAPITAL ONE made these calls usually around 8am, when Plaintiff was getting ready for work and tending to his children to prepare them for school.

32.     CAPITAL ONE was not calling Plaintiff's mobile number for emergency purposes.  Plaintiff had to call the 800# to finally get the calls to stop.

33.     On or around January 3, 2019, Plaintiff filed a complaint against CAPITAL ONE with the CFPB (complaint number: 190103-3733860), citing the repeated failure by CAPITAL ONE to provide the applicable, original true and correct copy of the signed cardholder agreement.

---

cardmember agreements; therefore, the language found in those cardmember agreements cannot be used to establish Thomas's acceptance of their terms").  (Opinion by Judge Moore, pg. 10).

34.   CAPITAL ONE understood that the CFPB received the complaint. (See Exhibit 2).

35.   CAPITAL ONE sent Plaintiff a generic, formulaic agreement that was non-notarized, unsigned, and inapplicable (hereinafter "the alleged agreement"). *Henggeler v Brumbaugh & Quandahl, P.C. LLO*, 894 F. Supp. 2d 1180, 1187 (D. Neb. 2012) (denying a motion to compel arbitration because a debt buyer failed to demonstrate that a "valid agreement to arbitrate exists" and submitted only a generic cardmember agreement from Chase that was "unsigned").

36.   CAPITAL ONE sent Plaintiff a "Customer Agreement" with a copyright date of 2014 and with the caption page stating **"Welcome to Capital One."** (Emphasis in bold).  It also stated "Thank you for opening a credit card account with us."  CAPITAL ONE attempted to deceive Plaintiff into accepting that this "Customer Agreement" was for an account allegedly opened with HSBC in 2008, a completely different bank and from a completely different calendar year.

37.   CAPITAL ONE has faced suit in Federal Court for its deceptive business practices of using post-dated inapplicable customer agreements.  *Wheeler v. Capital One Bank (USA) N.A. et al.,* 2:12-cv-05848-MSG, (E.D. Penn. 2011), ("The scheme is carried out knowingly using false and inapplicable documentation indiscriminately provided by Defendants attempting to foist upon the victims of imprimatur of substantiating documentary evidence.").  (*Wheeler,* Complaint at ¶ 4).  ("The use of a wrong Customer Agreement is not isolated: The use of the wrong Customer Agreements is intentional, willful, and universal throughout the United States, adversely affecting interstate commerce, *inter alia*.").  (*Wheeler,* Complaint at ¶ 51).

38.   The "Customer Agreement" was NOT a modification or amendment, it was presented to Plaintiff as an "original."  It is absolute that Customer Agreements upon which ALL issued credit cards are based, regardless of any alleged subsequent amendments, modifications, or the like, are those issued when

the credit card is issued, and, without that original signed agreement, subsequent agreements do NOT correlate or relate in any manner.

39.    CAPITAL ONE knew or should have known that the alleged agreement was NOT indicative of the complete terms and conditions of the alleged account.   For example, CAPITAL ONE failed to disclose that when it sells or assigns all of its rights, titles, interests of the credit card receivables (i.e., payments received from a consumer), it "sells" those receivables to its wholly-owned subsidiary and transferor, CAPITAL ONE FUNDING, LLC, the entity that transfers the receivables to a third-party, and thus CAPITAL ONE is paid in full.

40.    For example, CAPITAL ONE failed to disclose that CAPITAL ONE is merely a *servicer* for the transaction account (i.e., the alleged account), and services the alleged debt on behalf of third-parties, namely, investors who purchase the receivables through an offering of promissory notes filed with the Securities and Exchange Commission (hereinafter "SEC").

41.    For example, CAPITAL ONE failed to disclose in Regulation Z disclosures that CAPITAL ONE creates an insurance policy for the transaction account, ***with premiums funded by the consumer***.   [See 15 U.S.C. § 1605(a)(5)]. (Emphasis in bold).

42.    For example, CAPITAL ONE failed to disclose that if a consumer pays finance charges, then a portion of those finance charge receivables will be allocated for the insurance policy, and will then cover any liability claimed by CAPITAL ONE.   Putting it differently, a consumer cannot "default" on the alleged debt if the insurance policy covers any "loss" by the third-party investors who purchase the receivables.   *Andrew Cox et al. v. Sherman Capital LLC et al.*, 1:12-cv-01654-TWP-MJD, (S.D Indiana 2012).[4] ("The financial engineers made a

_____

[4] Plaintiff discovered from reading court documents pulled off the web from the above referenced case that Andrew Cox had 28 years of experience in banking and finance, and was a

bulletproof system where the originating bank is paid in full and the investors are paid in full **regardless of a default of a payment of the receivables**."). (*Cox*, Complaint at ¶ 38).  (Emphasis in bold).

43.    CAPITAL ONE, in public filings with the SEC, readily admits it is a "servicer" for the credit card accounts, and uses the phrase "insurance proceeds" in the agreement with its subsidiary/transferor.

44.    CAPITAL ONE continued to act as a "servicer" and "debt collector" for an alleged debt that CAPITAL ONE claimed was owed by Plaintiff on the alleged account.  CAPITAL ONE understood that it was attempting to collect an alleged debt from Plaintiff without an applicable customer agreement showing ALL relevant terms and conditions, yet failed to cease its attempts to manipulate, deceive and coerce funds from Plaintiff.  "These wrongful collection activities are intended by the Defendants to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".  (*Wheeler*, Complaint at ¶ 62).

45.    Plaintiff wrote to CEO Fairbank a "NOTICE OF DENIAL" dated January 22, 2019, and sent via certified mail tracking number 7018 0040 0001 0020 5509 on January 23, 2019, along with a sworn affidavit in response to the repeated and unethical attempts by CAPITAL ONE to collect on the alleged debt. (See Exhibit 3).

46.    CAPITAL ONE received confirmation of delivery of Plaintiff's notice and affidavit on January 28, 2019.

47.    CAPITAL ONE knew or should have known that Plaintiff _denied_ that he was provided with any applicable agreement.

48.    CAPITAL ONE knew or should have known that Plaintiff _denied_ that he owed an alleged debt claimed by CAPITAL ONE on "account stated."

---

former federal agent who spent 5 years with the Federal Bureau of Investigation (F.B.I.) as a financial analyst for corporate white-collar crime.

49.     CAPITAL ONE did NOT dispute, and did NOT deny, that it failed to disclose that it collected insurance premiums as a portion of finance charge receivables paid by Plaintiff to CAPITAL ONE, ***without Plaintiff's knowledge or consent***. (Emphasis in bold).

50.     CAPITAL ONE violated and continued to violate 15 U.S.C. § 1692e(2)(A), "The false representation of the character, amount or legal status of any debt."

51.     CAPITAL ONE violated and continued to violate 15 U.S.C. § 1692e(10), "The use of any false representation or deceptive means to collect or attempt to collect any debt…".

52.     CAPITAL ONE violated and continued to violate 15 U.S.C. § 1692f(l), "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt** or permitted by law." (Emphasis in bold).

53.     CAPITAL ONE understood that at all times relevant, Plaintiff afforded the opportunity for CEO Fairbank and/or his agents to provide Plaintiff with the original applicable signed alleged agreement and the account level documentation (i.e., the t-chart journal entry ledgers showing the actual accounting, and *proving* how Plaintiff had a "valid contract" and owed a "valid debt" to CAPITAL ONE).

54.     CAPITAL ONE understood that it lacked standing and thus would not be able to extract payment from Plaintiff on the alleged account that was disputed by Plaintiff, so CAPITAL ONE had its agent, the law firm of PATENAUDE & FELIX, A.P.C. (hereinafter "FELIX") send a collection letter dated March 4, 2019 to Plaintiff (See Exhibit 4).

55.     Plaintiff sent a response to FELIX on March 26, 2019, via certified mail whereby Plaintiff stated that he "refused to pay" a debt [pursuant to 15 U.S.C.

§ 1692c(c)].  Plaintiff included yet another sworn affidavit, and sent it to FELIX. (See Exhibit 5).

56.   CAPITAL ONE knew or should have known that its agent FELIX did not rebut each and every point made by Plaintiff in the affidavit, and thus completely ignored the fact that Plaintiff DENIED the "account stated."

57.   CAPITAL ONE, through its counsel, FELIX, filed suit against Plaintiff for "account stated" in Orange County Superior Court on June 21, 2019. Case Number 30-2019-01078453-CL-CL-CJC (See Exhibit 6).

58.   Rather than remove the case from Orange County Superior Court, Plaintiff chose to file this Federal Complaint, and then will file his timely answer accordingly in response to the state suit.

59.   Plaintiff is informed, believes, and thereon alleges that it is the policy of CAPITAL ONE to not disclose upon demand the original true, correct and complete copy of the signed customer agreement underlying the alleged terms and conditions of the transaction account.

60.   Plaintiff is informed, believes, and thereon alleges that it is the policy of CAPITAL ONE to withhold material and relevant facts in any alleged agreement, knowing that the "least sophisticated" consumer will not challenge or otherwise question that it fails to disclose all terms, and/or that it is post-dated from the issuance of any such credit card.

61.   Plaintiff is informed, believes, and thereon alleges that it is the policy of CAPITAL ONE, through its agent, FELIX, to routinely file suit in Orange County Superior Court with no evidence of an original signed agreement.

62.   Defendant's conduct has caused Plaintiff unnecessary anxiety, sleeplessness, nervousness, anger, humiliation, frustration and emotional distress. All of the actions described herein by CAPITAL ONE were done with the intent to coerce funds from Plaintiff, despite Plaintiff providing written notice to cease and desist calling his mobile number, and despite Plaintiff denying the alleged debt.

# CLAIMS

## COUNT I: Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

63.     Plaintiff repeats the prior paragraphs that relate to the violations of the TCPA against CAPITAL ONE, as though fully stated herein.

64.     Plaintiff sent NOTICE to CAPITAL ONE on or around October 24, 2018 to cease contacting his mobile phone number 949-370-0051.

65.     CAPITAL ONE understood that non-compliance with the request would violate the TCPA, 47 U.S.C. § 227 et seq.

66.     CAPITAL ONE violated the cease and desist, by calling Plaintiff on 23 (twenty-three) separate times via an ATDS in order to collect an alleged debt.

67.     CAPITAL ONE first called Plaintiff's mobile number through an ATDS on November 6, 2018, and continued to call Plaintiff through November 29, 2018, with the only exception being Thanksgiving Day, November 22, 2018.

68.     Plaintiff felt annoyed and harassed by these calls, as Defendant CAPITAL ONE did not have Plaintiff's express consent to use an ATDS to place these calls, especially for an alleged debt that CAPITAL ONE knew was disputed.

69.     CAPITAL ONE placed these calls under its own free will, even though Plaintiff sent a letter, via certified mail, to NOT call his mobile number.

70.     CAPITAL ONE, at all times relevant, had full awareness that it was using an ATDS to place these calls to Plaintiff without his consent.

71.     Plaintiff researched the phone number 800-955-6600, and realized CAPITAL ONE uses this and other numbers in its debt collection attempts via an ATDS, which resulted in several lawsuits for violations of the TCPA. For example, *Scott Wheeler v. Capital One Bank (USA) N.A.*, 6:17-cv-03321-MDH (W.D. Missouri, 2017). *Wanda Garcia v. Capital One Bank (USA) N.A.*, 2:18-cv-09030-DMG-MAA (C.D. California 2018). *Kenneth Forney v. Capital One Bank (USA) N.A.*, 3:19-cv-00120-DMS-BGS (S.D. California, 2019).

72.   If each of the 23 calls by CAPITAL ONE made between November 6 through November 29, 2018 is found to be a negligent violation of the TCPA, then Plaintiff is entitled to an award of $11,500 in damages ($500 x 23), pursuant to 47 U.S.C. § 227(b)(3)(B).

73.   If each of the 23 calls by CAPITAL ONE made between November 6 through November 29, 2018 is found to be a willful and knowing violation of the TCPA, then Plaintiff is entitled to an award of $34,500 ($1,500 x 23), pursuant to 47 U.S.C. § 227(b)(3)(C).

74.   CAPITAL ONE understood at all times relevant that the TCPA is a strict liability statute, that Plaintiff has a private right of action and that Plaintiff has standing to sue CAPITAL ONE pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II: Violation of the FDCPA 15 U.S.C. § 1692 et seq.

75.   Plaintiff repeats the prior paragraphs that relate to the violations of the FDCPA against CAPITAL ONE, as though fully stated herein.

76.   Plaintiff sent multiple "demand notice" to CAPITAL ONE for the applicable, true, correct and complete signed credit card agreement in immediate exchange for any alleged balance due.

77.   CAPITAL ONE understood and knew or should have known that it was required by the CFPB and by law to comply with the "demand notice" sent by Plaintiff, and received by CAPITAL ONE.

78.   CAPITAL ONE, through its CEO Fairbank, and/or through its agents, failed to comply, and instead sent Plaintiff a non-applicable, post-dated, unsigned "Customer Agreement."

79.   CAPITAL ONE understood and knew or should have known that it was not relieved from its liability to Plaintiff for failing to provide the applicable, alleged agreement, and for its violations of the FDCPA as servicer of the alleged debt.  CAPITAL ONE further understood at all times relevant upon receipt of the repeated "demand notice" by Plaintiff, that the alleged debt was disputed.

80.    CAPITAL ONE understood and knew or should have known that any claims by any of its agents that Plaintiff opened a "valid contract with CAPITAL ONE" or that Plaintiff had a "valid debt" were speculative, overly broad, vague, hearsay, and were all DENIED by Plaintiff.

81.    CAPITAL ONE continued to make repeated false representations to Plaintiff regarding the character, amount or legal status of a debt, in violation of FDCPA 15 U.S.C. § 1692e(2)(A).

82.    CAPITAL ONE continued attempting to collect an alleged debt on "account stated," even though CAPITAL ONE understood upon NOTICE that **Plaintiff repeatedly denied any offers to contract on "account stated."** (Emphasis in bold).

83.    CAPITAL ONE violated 15 U.S.C. § 1692e(10) through its use of false representation or deceptive means to collect or attempt to collect a debt.

84.    CAPITAL ONE engaged in unfair practices, in violation of 15 U.S.C. § 1692f(l), by attempting to collect an amount owed that was not expressly authorized by any alleged agreement.

85.    As a direct and proximate result of the conduct by CAPITAL ONE, Plaintiff has and will continue to suffer actual and statutory damages.  Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

86.    CAPITAL ONE understood that the FDCPA is a strict liability statute, and that Plaintiff has a private right of remedy to sue CAPITAL ONE for engaging in any deceptive, or unfair business practices as a servicer of the alleged account.

## JURY TRIAL DEMANDED

87.    Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment by the court against Defendant CAPITAL ONE as follows:

a. Adjudging that Defendant CAPITAL ONE violated the TCPA.

b. Adjudging that Defendant CAPITAL ONE violated the FDCPA.

c. Awarding Plaintiff statutory damages against Defendant CAPITAL ONE of $500 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

d. Awarding Plaintiff statutory damages against Defendant CAPITAL ONE for $1,500 for each willful and knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

e. Awarding Plaintiff actual damages and/or statutory damages against Defendant CAPITAL ONE pursuant to 15 U.S.C. § 1692k.

f. Awarding Plaintiff costs incurred in this action.

g. Awarding any such other further relief as deemed just and proper.


Dated: July 24, 2019

Respectfully submitted,


Eric Hatteberg, Pro Se Plaintiff
2322 Calle Almirante
San Clemente, CA  92673
949-373-0051
gabwitheric@yahoo.com

cc:


CFPB
Kathy Kraniger, Office of Enforcement


Capital One Bank (USA), N.A.
Richard Fairbank, CEO

# Exhibit 1


**UNITED STATES**
**POSTAL SERVICE**

June 26, 2019

Dear eric hatteberg:

The following is in response to your request for proof of delivery on your item with the tracking number:
**7018 0680 0001 9382 8878**.

## Item Details

**Status:**              Delivered, Individual Picked Up at Postal Facility
**Status Date / Time:**  October 29, 2018, 8:33 am
**Location:**            MC LEAN, VA 22102
**Postal Product:**      First-Class Mail®
**Extra Services:**      Certified Mail™
                         Return Receipt Electronic

## Shipment Details

**Weight:**              1.0oz

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | ⌐ Konton K EGAH |
| Address of Recipient: | 1680 CAPITAL ONE |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



# Exhibit 2



Consumer Financial
Protection Bureau

January 7, 2019

Eric Hatteberg
2322 Calle Almirante
San Clemente, California 92673

# We received your complaint.

Dear Eric Hatteberg,

Thank you for your complaint 190103-3733860 about CAPITAL ONE.

Keep this communication and your complaint number so you'll be able to track your complaint throughout the complaint process.

**Summary of your complaint**

Complaint number: 190103-3733860
Date submitted to CFPB: 1/3/2019 10:51:00 AM
Product: Debt collection
Issue: Written notification about debt

**How our complaint process works.**

*Here's what will happen during the next 15 to 60 days:*

**STEP 1:** We review your complaint. Depending on what we find, we:
- Send your complaint to the company for a response; or
- Send your complaint to the appropriate regulator or help you get in touch with your state and local consumer protection office; or
- Let you know if we need more information to continue our work.

# Exhibit 3

Mr. Richard Fairbanks, CEO
Capitol One Bank (USA), N.A.
1680 Capitol One Drive
McLean, VA. 22102

Re: Capital One Platinum: 5489 5595 7068 9061

### *** NOTICE OF DENIAL ***

**Notice to principal is notice to agent. Notice to agent is notice to principal.**

January 22, 2019 (Certified Mail 7018 0040 0001 0020 5509)

Re: CFPB Complaint #190103-3733860; Account # ending 9061

Dear Mr. Fairbank,

Thank you for your letter dated January 4, 2019 regarding the above referenced account. It is apparent that you have overlooked or ignored my request to confirm that you would accept payment of the alleged obligation from me in consideration of your delivery to me of the **original document of indebtedness in its original form.**

I deny that what you sent constitutes the ORIGINAL document of indebtedness in its original form and I also deny that there is any debt associated with this account. Furthermore, the alleged agreement (Copyright 2014) fails to disclose all material facts of the terms and conditions. For example, your "Current Terms Letter" fails to disclose that Capital One creates an insurance contract as a portion of its Finance Charge Receivables. Additionally, the alleged agreement is unsigned, non-notarized and not an original.

Please find my enclosed Affidavit of Truth attached herewith. Your failure to refute each and every statement in my affidavit shall constitute your admittance to my claims.

I deny there is any alleged balance due as the correct balance is zero ($0.00). The alleged debt has been discharged/offset by promissory notes.

Sincerely,

Eric Hatteberg

2322 Calle Almirante

San Clemente, CA 92673

**cc: Capital One, PO Box 30285, Salt Lake City, UT 841**



**AFFIDAVIT OF TRUTH**

An unrebutted affidavit is truth in commerce.

An unrebutted affidavit is acted upon as judgment in commerce.

On October 24, 2018, November 26, 2018, and December 24, 2018 I sent Notice of Demand for alleged, original and applicable Cardholder Agreement to request verification of an alleged debt for Account ending in 9061.

The term verification is defined as "Confirmation of correctness, truth or authenticity by affidavit, oath or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statement of party" (Blacks Law Dictionary 6th edition).

Capital One Bank (USA) N.A. ("Capital One Bank") failed to provide the original signed contract (promissory note and/or security agreement) for Account # ending in 9061.

Capital One Bank failed to disclose that they use the consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged Account # ending in 9061.

Capital One Bank has failed to prove it incurred financial losses and has been damaged in regard to Account # ending in 9061.

Notice to principal is notice to agent; notice to agent is notice to principal.

ATTESTATION

The facts stated above are true, correct and complete

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Signed by:

_Eric Hatteberg_

Subscribes and sworn before me this 23
Day of January, 2019
The State of California
County of Orange

BRAD MEINDERTSMA
Commission # 2144655
Notary Public - California
Orange County
My Comm. Expires Mar 1, 2020

# Exhibit 4

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### FKA BLEIER & COX, A.P.C.

6800 Owensmouth Avenue, Suite 290, Canoga Park, California 91303

TEL: 866-784-8084 / FAX: 818-906-7944

EMAIL: collections@pandf.us

| ARIZONA | CALIFORNIA-SAN DIEGO | NEVADA | NEW MEXICO | OREGON | PENNSYLVANIA | WASHINGTON |
|---|---|---|---|---|---|---|
| 3260 NORTH HAYDEN RD. | 4545 MURPHY CANYON RD. 3RD FL. | 7271 W. CHARLESTON | 8500 MENAUL BLVD. NE | 1618 SW 1ST AVE. #205 | 501 CORPORATE DRIVE | 19001 40TH AVE WEST. |
| SUITE #209 | SAN DIEGO, CA 92123 | BLVD. SUITE #100 | SUITE #A-313 | PORTLAND, OR 97201 | SOUTHPOINTE, SUITE 305 | SUITE #280 |
| SCOTTSDALE, AZ 85251 | TEL: (858) 244-7600 | LAS VEGAS, NV 89117 | ALBUQUERQUE, NM 87112 | TEL: (503) 206-2676 | CANONBURG, PA 15317 | Lynwood, WA 98036 |
| TEL: (803) 832-7675 | (800) 832-7675 | TEL: (702) 952-2032 | TEL: (800) 832-7675 | (800) 832-7675 | TEL: (412) 429-7675 | TEL: (425) 361-1602 |
| FAX: (480) 247-2783 | FAX: (858) 836-0318 | (800) 867-3092 | FAX: (858) 836-0318 | FAX: (503) 954-3586 | (866) 772-7675 | (800) 832-7675 |
| | | FAX: (702) 952-6286 | | | FAX: (412) 429-7679 | FAX: (425) 967-3508 |

March 4, 2019

Eric M Hatteberg
2322 Calle Almirante
San Clemente, California  92673-3635

Re:
    CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A.
    Account Number: XXXXXXXXXXX9061
    Our File Number: 19-01897-0
    Balance Past Due: $4,987.37

Dear Mr. Hatteberg:

Capital One Bank (USA), N.A. assignee of HSBC Bank Nevada, N.A., prompted by your failure to pay the above-referenced debt, has sought legal assistance in collecting the amount owed. Before we take any further action, we want to provide you with an opportunity to resolve the account.  Our client has advised us that the current amount owing is $4,987.37.

Unless you notify this office of a dispute regarding the validity of this debt, or any portion thereof, within 30 days from receiving this letter, we will assume that the debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or a copy of the judgment and mail you a copy of such verification or judgment.  Further, upon your written request within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8a.m. or after 9p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce the judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

If your obligation remains in default, further action, including the possibility of litigation, may be taken against you, which could result in a judgment being entered which may include litigation costs.

If you wish to discuss this account, please contact my legal assistant, Robert Stanley, at (818) 784-3366 or (866) 784-8084 Ext. 7107.
Sincerely,

PATENAUDE & FELIX, A.P.C.

ELMIRA DANIELYAN
ED/DLH_20170315M4

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

# Exhibit 5

March 26, 2019

Eric Hatteberg
2322 Calle Almirante
San Clemente, CA 92673


Patenaude & Felix, A.P.C.
FKA Bleier & Cox, A.P.C.
6800 Owensmouth Avenue, Suite 290
Canoga Park, CA. 91303

Re: File #19-01897-0 / Acct xxxxxxxxxx9061 (Certified Mail 7018 1830 0002 0115 2063)


**Notice to principal is notice to agent. Notice to agent is notice to principal.**


To Whom It May Concern,

I confirm that I have received a written communication from you dated March 4, 2019 wherein you make reference to the matter listed above.

Your company is attempting to collect an **alleged** debt. I vehemently DISPUTE this **alleged** debt and refuse to pay it.  Any prior authorization you may have had to call me at 949-370-0051 is hereby revoked.

This **alleged** debt is currently in dispute with Capital One Bank (USA) and a complaint was filed with the CFPB (Consumer Financial Protection Bureau, Case# 190103-3733860).

**THIS IS A NOTICE THAT PATENAUDE & FELIX, A.P.C. LACKS STANDING TO COLLECT ON THE ABOVE REFERENCED ACCOUNT NUMBER AND FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

Signed by Eric Hatteberg without prejudice/ without recourse



**Enclosure (Affidavit of Truth)**

**cc:**
Office of the California Attorney General P.O. Box 944255 Sacramento, CA 94244-2550
CFPB, sent via consumerfinance.gov

## AFFIDAVIT OF TRUTH

An unrebutted affidavit is truth in commerce.

An unrebutted affidavit is acted upon as judgment in commerce.

The term verification is defined as "Confirmation of correctness, truth or authenticity by affidavit, oath or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statement of party" (Blacks Law Dictionary 6th edition).

On October 24, 2018, November 26, 2018, and December 24, 2018 I sent Notice of Demand for alleged, original and applicable Cardholder Agreement to request verification of an alleged debt for Account ending in 9061.

Capital One Bank (USA) N.A. ("Capital One Bank") failed to provide the required documentation (promissory note and/or security agreement) for Account # ending in 9061.

I filed a dispute with Consumer Financial Protection Bureau (CFPB #190103-3733860)

On January 22, 2019 I sent Capital One Bank an Affidavit of Truth of which none of my statements were rebutted

Capital One Bank failed to disclose that they create an insurance contract as a portion of its Finance Charge Receivables on ANY alleged agreement

I deny I owe a debt to Capital One Bank, disputed the same, and demanded strict proof thereof

I am not a debtor, and I did not agree, assent or consent to any applicable terms and conditions of the alleged account

I deny there is any debt associated with this account on "account stated"

Capital One Bank and/or Patenaude & Felix, APC has no standing to claim equitable title to the alleged referenced account

On March 12, 2019 I sent Capital One Bank a NOTICE OF ESTOPPEL BY ACQUIESCENCE

**Notice to principal is notice to agent; notice to agent is notice to principal.**

ATTESTATION

The facts stated above are true, correct and complete

Signed by:

~Enic HATTEBERG~

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Subscribed and sworn before me this 26 Day of March, 2019

The State of California

County of Orange

BRAD MEINDERTSMA
Commission # 2144655
Notary Public - California
Orange County
My Comm. Expires Mar 1, 2020

# Exhibit 6

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ERIC M HATTEBERG,
And DOES 1 through 5, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A.,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/21/2019** at 11:55:46 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | 30-2019-01078453-CL-CL-CJC |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE  CENTRAL JUSTICE CENTER
700 Civic Center Drive West
Santa Ana, CA  92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

ELMIRA DANIELYAN, ESQ., BAR #285717
PATENAUDE & FELIX, A.P.C.
6800 Owensmouth Avenue, Suite 290
Canoga Park, CA 91303-4216            Telephone No: 866-784-8084

DATE: 06/21/2019   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _Rawiiz_ Georgina Ramirez, Deputy
(Fecha)                                          (Secretario)                      (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. *
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   Under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ Other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedures §§ 412.20, 465
www.courtinfo.ca.gov

1 | ELMIRA DANIELYAN, ESQ., BAR #285717
2 | PATENAUDE & FELIX, A.P.C.
   | 6800 Owensmouth Avenue, Suite 290
3 | Canoga Park, CA 91303-4216
4 | 866-784-8084
5 | Attorney for Plaintiff
6 |
7 |
8 |
9 |
10 | IN THE SUPERIOR COURT OF CALIFORNIA
11 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
12 |
13 | CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A.,
14 | Plaintiff,
15 | Vs.
16 | ERIC M HATTEBERG,
   | And DOES 1 through 5, Inclusive.
17 | Defendant(s).
18 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/21/2019** at 11:55:46 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

Case No. 30-2019-01078453-CL-CL-CJC

COMPLAINT FOR MONEY:
ACCOUNT STATED

DEMAND
$4,987.37

**LIMITED CASE**

19 | Plaintiff alleges as follows:
20 |
21 | 1.      Plaintiff, CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA,
22 | N.A. (hereinafter referred to as "Plaintiff"), is a National Banking Association organized and existing under and by
23 | virtue of the laws of the United States of America.
24 |
25 | 2.      Defendant(s), ERIC M HATTEBERG,  (hereinafter referred to as "Defendant"), is an
26 | individual residing at the county of ORANGE.
27 |
28 | 3.      The true names and capacities, of Defendants named herein as DOES 1 through 5,

Page 1

COMPLAINT FOR MONEY

19-01897-0 / 0102-51

inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

4.      That at all times herein mentioned each Defendant was the agent, employee and/or husband or wife of each of the remaining Defendants, and was at all times acting within the course and scope of such agency and/or employment and with the consent, knowledge and permission of each of their co-Defendants, and the hereinafter set forth obligation(s) were community debts.

5.      The within action is subject to the provisions of Section 395(b) of the California Code of Civil Procedure, and not subject to the provisions of Section 1812.10 or 2984.4 of the California Civil Code.

6.      The Defendants, and each of them, are residents of this judicial district, and/or the contract was to be performed in this judicial district and, therefore, this is the proper Court for trial in this action.

7.      Defendants opened an account with HSBC BANK NEVADA N.A., for the purpose of obtaining an extension of credit, which was subsequently sold, assigned, and transferred to Plaintiff on 05/01/2012.

8.      Within four (4) years last past, in the within county, accounts were stated in writing by and between Plaintiff and Defendants, and each of them, wherein it was agreed that said Defendants were indebted to Plaintiff in the sum of $4,987.37, for the credit card account number XXXXXXXXXXXX9061, or such higher amount as may be shown according to proof at time of trial.

9.      Defendants promised to pay to Plaintiff the sum of $4,987.37, or such higher amount as may be shown according to proof at time of trial.

10.     No part of said sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid the sum of $4,987.37, or such higher amount as may be shown according to proof at time of trial.

Page 2
COMPLAINT FOR MONEY

19-01897-0 / 0102-51

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>ELMIRA DANIELYAN, ESQ., Bar #285717<br>PATENAUDE & FELIX, A.P.C.<br>4600 Owensmouth Avenue, Suite 290<br>Canoga Park, CA 91303-4216<br>  TELEPHONE NO: 866-784-0084    FAX  NO.: 818-906-7944<br>ATTORNEY FOR (Name): Plaintiff        FILE NO.: 19-01897-0 | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/21/2019** at 11:55:46 AM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
   STREET ADDRESS: 700 Civic Center Drive West
   MAILING ADDRESS: 700 Civic Center Drive West
   CITY AND ZIP CODE: Santa Ana, 92701
   BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A. vs. ERIC M HATTEBERG

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited    [X] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter     ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01078453-CL-CL-CJC<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☒ Rule 3.740 collections (09) | (Cal. Rules of Court, rules 1800-1812)<br>☐ Antitrust/Trade regulation (03) |

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

☐ Other Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse
   condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commerical (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the
   above listed provisionally complex case
   types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management::
  ee. ☐ Large number of separately represented parties        hh. ☐ Large number of witnesses
  ff. ☐ Extensive motion practice raising difficult or novel      ii. ☐ Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve                courts in other counties, states or countries, or in a federal court
  gg. ☐ Substantial amount of documentary evidence           jj. ☐ Substantial post-judgment judicial supervision

23. Type of remedies sought (check all that apply): a. ☒ monetary    b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
24. Number of causes of action (specify): 1
25. This case ☐ is   [X] is not   a class action suit.
26. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 13, 2019

ELMIRA DANIELYAN
  (Type or Print Name)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010[Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal.Rules of Court, rules 2.30, 3.220, 3.400-3.403,3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|