Marcos D. Sasso (State Bar No. 228905)
sassom@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorneys for Defendant
 Capital One Bank (USA), N.A.
erroneously sued as Capital One Bank
(U.S.A.), N.A., assignee of HSBC Bank
Nevada, N.A.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC HATTEBERG, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CAPITAL ONE BANK (U.S.A.), N.A., assignee of HSBC Bank Nevada, N.A. <br><br> Defendant. | Civil Action No. 8:19-cv-01425-DOC-KESx <br><br> **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: November 25, 2109 <br> Time: 9:00 a.m. <br> Courtroom: 9D <br> Judge: Hon. David O. Carter <br><br> Action Filed: <br> Trial Date: None Set |

DMEAST #38779221 v6

DEFENDANT CAPITAL ONE BANK (USA), N.A. MOTION TO DISMISS THE COMPLAINT

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday November 25, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D of the United States District Court, Central District of California, located at Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701 the Honorable Judge David O. Carter presiding, Defendant Capital One Bank (USA) N.A. ("Capital One") will and hereby does move this Court for an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing Plaintiff Eric Hatteberg's ("Plaintiff") Compliant.

The motion seeks dismissal of Plaintiff's Complaint, and each claim therein, for failure to state a claim as a matter of law. Plaintiff's first claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as a matter of law because Capital One is not a debt collector as defined in the statute. Plaintiff's second claim for violation of the Telephone Consumer Protection Act 47 U.S.C. 227 *et seq.* ("TCPA") fails as a matter of law because Plaintiff has not sufficiently alleged that that Capital One used an Automatic Telephone Dialing System ("ATDS").

This motion is based upon this Notice of Motion and Motion, the below Memorandum of Points and Authorities, all of the papers on file in this action, and such other and further evidence or argument that the Court may consider.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 8, 2019.

Respectfully submitted,

DATED: October 9, 2019

BALLARD SPAHR LLP

*/s/ Marcos D. Sasso*
Marcos D. Sasso

Attorneys for Defendant
Capital One Bank (USA), N.A.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

DMEAST #38779221 v6

2

DEFENDANT CAPITAL ONE BANK (USA), N.A. MOTION TO DISMISS THE COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff Eric Hatteberg ("Plaintiff") alleges that Defendant Capital One Bank (USA), N.A.[1] ("Capital One") violated the Telephone Consumer Protection Act 47 U.S.C. 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by placing calls to him.

Both claims fail as a matter of law. Plaintiff's FDCPA claim fails because Plaintiff concedes that Capital One is not a debt collector as defined in the statute. Plaintiff's TCPA claim fails because Plaintiff has not sufficiently alleged that that Capital One used an Automatic Telephone Dialing System ("ATDS").

For the foregoing reasons and those set forth in greater detail below, Plaintiff's Complaint should be dismissed.

## II. STATEMENT OF FACTS

Plaintiff alleges Capital One is the originator and servicer of his unsecured credit card account. (Compl. ¶ 13.) Plaintiff argues that Capital One attempted to collect his debt and failed to provide him with an original signed copy of his card member agreement is in violation of the FDCPA. (*See generally* Compl.)

Plaintiff further alleges Capital One placed calls to his cell phone using an ATDS in an attempt to collect on a pre-existing debt after he asked for calls to stop. (*See* Compl. ¶¶ 26-30, 66.) Based on these allegations, Plaintiff contends Capital One violated the TCPA.

## III. ARGUMENT

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether the complaint states a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Defendant was erroneously named in the Complaint as Capital One Bank (U.S.A.), N.A., assignee of HSBC Bank Nevada, N.A.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In evaluating a motion to dismiss, the Court is not required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. *Iqbal*, 556 U.S. at 679.

### B. Plaintiff's FDCPA Claim Fails as a Matter of Law

Congress enacted the FDCPA with the goal of eliminating abusive, deceptive or unfair debt collection practices by debt collectors. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000). To state a claim for violations of the FDCPA, the plaintiff must plead facts sufficient to establish: (1) the defendant is a "debt collector" as defined by the FDCPA; and (2) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Boosahda v. Providence Dane, LLC*, No. 10-1933, 2012 WL 268345, at *1 n. 3 (4th Cir. Jan. 31, 2012); 15 U.S.C. § 1692a(6).

Whether a defendant is a "debt collector" as defined by the FDCPA is a question of law, appropriate for resolution at the motion to dismiss stage. *Rispoli v. Bank of Am.,* No. C11-362RAJ, 2011 U.S. Dist. LEXIS 85053, at *7 (W.D. Wash. July 1, 2011) ("As a matter of law a 'debt collector' under the FDCPA cannot be a consumer's creditor."); *see also Pollice*, 225 F.3d at 403.

The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion … the terms includes any creditor who, in the process of collecting his

DMEAST #38779221 v6 2
DEFENDANT CAPITAL ONE BANK (USA), N.A. MOTION TO DISMISS THE COMPLAINT

> own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

The FDCPA expressly states that:

> debt collector" ***does not include*** "any person collecting or attempting to collect any debt owed or due ***to the extent such activity … (ii) concerns a debt which was originated by such person***; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ….

15 U.S.C. § 1692a(6)(F) (emphasis added).

As a result, "[c]reditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." *Pollice*, 225 F.3d at 403 (*citing Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)); *accord Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721, (2017) (holding a "creditor" does not qualify as a "debt collector" subject to the FDCPA); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-10 (9th Cir. 2013) (affirming dismissal of an FDCPA claim against Wells Fargo where the plaintiffs failed to plausibly allege that the principal purpose of Wells Fargo's business was debt collection or that Wells Fargo regularly attempted to collect debts owed to someone other than Wells Fargo); *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) ("Wells Fargo is not a 'debt collector' within the meaning of the FDCPA because it was attempting to collect its own debt." (emphasis added); *Maguire v. Citicorp. Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA.").

Specifically, because the primary purpose of a lending institution is to lend money or credit and not to collect debts, such institutions cannot fall within the definition of a "debt collector" as defined by the FDCPA. *See Pollice*, 225 F.3d at

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

403; *Aubert*, 137 F.3d at 978 ("Creditors who collect in their own name and whose principal business is not debt collection … are not subject to the [FDCPA].").

While Plaintiff conclusory alleges that Capital One is a debt collector for third-party investors, he simultaneously concedes that Capital One originates and services its own debt. *See* Comp. ¶¶ 14-15. Thus, Plaintiff concedes that Capital One is not a debt collector under the FDCPA, and his claim fails.[2]

This pleading deficiency cannot be cured through an amendment to the Complaint because the 'principal purpose' of a credit card company such as Capital One is not debt collection. *See, e.g.*, *Davidson v. Capital One Bank (USA) N.A.*, 797 F.3d 1309 (11th Cir. 2015) (affirming district court's dismissal of complaint and finding Capital One is not a debt collector subject to FDCPA liability); *Smith v. Capital One Fin. Corp.*, No. C 11-03425, 2012 U.S. Dist. LEXIS 66445 at *6-8 (C.D. Cal. May 11, 2012) (dismissing FDCPA claim against Capital One and noting "a company that extends a consumer credit line (*e.g.*, a credit card company) is in the business of extending credit, not the business of collecting debts."); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 185-86 (D.N.J. 2012) (collecting cases) (recognizing Capital One is a creditor not a debt collector); *see also Wyman v. Wells Fargo Bank, N.A.,* No. C 18-03236, 2018 U.S. Dist. LEXIS 121109, at *6 (N.D. Cal. July 19, 2018) (finding amendment would be futile because defendant is not a debt collector).

Because Capital One is not a "debt collector," Plaintiff's FDCPA claim should be dismissed with prejudice.

**C.    Plaintiff Fails to State a Claim for Violation of the TCPA**

To advance his TCPA claim, Plaintiff must set forth facts that support three

---

[2]    Even if Plaintiff were not to concede this fact, it is indisputable that Capital One is collecting on debt it extended to him. Indeed, the exhibits attached to the Complaint make plain that the disputes between the parties are related to a Capital One account.

elements: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [i.e., an ATDS]; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii)).

The TCPA defines an ATDS as "equipment which has the capacity − (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. § 227(a)(1). "[F]actual allegations beyond mere statutory language are required" to satisfy the pleading requirement of establishing an ATDS was used. *Bodie v. Lyft*, Case No. 3:16-cv-02558-L-NLS, 2019 U.S. Dist. LEXIS 9800, \*\*4-5 (S.D. Cal. Jan. 15, 2019).

Plaintiff provides no such factual allegation. Instead, he merely states, without any factual support, that Capital One used an ATDS. *See, e.g.* Compl. ¶¶ 26, 28, 29, 66, 77.

Merely invoking the acronym and using the words "automated" – as Plaintiff has here – is inadequate. These words amount to nothing more than conclusory legal assertions, devoid of the necessary factual allegations that an ATDS was used. Courts have repeatedly dismissed TCPA claims in cases involving similar conclusory ATDS allegations. *See, e.g.*, *Bodie*, 2019 U.S. Dist. LEXIS 9800, at \*5 ("The FAC merely parrots statutory definition of an ATDS alleging . . . [and] is devoid of any facts that could support a reasonable inference that Lyft used an ATDS to send the subject text messages."); *Armstrong v. Investor's Bus. Daily, Inc.*, Case No. CV 18-2134-MWF (JPRx), 2018 U.S. Dist. LEXIS 216246, \*12-13 (C.D. Cal. Dec. 21, 2018) (holding that ATDS allegations were insufficient as mere recitation of statute). The same result should obtain here – Plaintiff's TCPA claim should be dismissed for failure to adequately allege an ATDS was used.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED:  October 9, 2019                                    BALLARD SPAHR LLP

*/s/ Marcos D. Sasso*
Marcos D. Sasso

Attorneys for Defendant
Capital One Bank (USA), N.A.