FILED

2019 OCT 22  PM 3: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Eric Hatteberg

2  2322 Calle Almirante

3  San Clemente, CA  92673

4  949-370-0051

5  Plaintiff in Pro Per

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | Eric Hatteberg, an individual,        | Case No.: 8:19-cv-01425-DOC-KES

13 |              Plaintiff,               | **PLAINTIFF'S OPPOSTION TO**

14 |        vs.                            | **DEFENDANT'S MOTION TO**

15 | CAPITAL ONE BANK (USA), N.A.          | **DISMISS PURSUANT TO RULE**

16 | ASSIGNEE OF HSBC BANK                 | **12(b)(6)**

17 | NEVADA, N.A.,

18 |              Defendant.

19

20         Plaintiff, Eric Hatteberg, by way of Pro Se, (hereinafter "Plaintiff"),

21  responds as follows to the motion to dismiss filed by defendant (Dkt. 9), whose

22  true name for the purposes of this complaint is correctly listed in the above

23  captioned matter as CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC

24  BANK NEVADA, N.A. (hereinafter "CAPITAL ONE").  Plaintiff has stated valid

25  claims pursuant to the Fair Debt Collections Practices Act (hereinafter "FDCPA")

26  and the Telephone Consumer Protection Act (hereinafter "TCPA").  Plaintiff will

27  show, and as the Court shall see, that defendant's motion to dismiss fails as a

28  matter of law.

**Background**

On or around mid-October 2018, November 2018 and December 2018, Plaintiff disputed the balance of an unsecured credit card transaction account number ending in 9061. (Dkt. 1, ¶ 19). Plaintiff demanded strict proof that CAPITAL ONE _owned_ the alleged debt, and Plaintiff demanded strict proof that Plaintiff _owed_ the alleged debt by way of a signed terms and conditions on the transaction account. Plaintiff made repeated offers to pay CAPITAL ONE for any alleged obligation in exchange for the original signed cardholder agreement. CAPITAL ONE failed to provide Plaintiff any proof of any applicable signed written agreement, prompting Plaintiff to send a NOTICE OF DENIAL along with a sworn affidavit to CAPITAL ONE. (Dkt. 1, Exhibit 3).

CAPITAL ONE ignored Plaintiff's demands to cease and desist communicating, and made repeated phone calls to Plaintiff on his mobile number in attempts to collect an alleged, disputed debt as _servicer_ of the account. CAPITAL ONE then had its agent, the law firm PATENAUDE & FELIX, A.P.C. (hereinafter "FELIX") attempt to collect. (Dkt. 1, Exhibit 4). Plaintiff responded to the letter to FELIX, along with a sworn affidavit. (Dkt. 1, Exhibit 5). Included in the sworn affidavit, among other things, Plaintiff denied he owed any alleged debt for the amount indicated on "account stated," denied that he was provided with an applicable Cardholder Agreement, and continued to dispute the debt.

Despite multiple demand notices sent by Plaintiff to the CEO of CAPITAL ONE, despite repeated denials of owing the alleged balance on "account stated," and despite Plaintiff's denials to the law firm FELIX in response to its attempt to collect, CAPITAL ONE sued Plaintiff as "CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A." demanding money of $4,987.37, and alleging an "account stated," filed in Orange County Superior Court (hereinafter "the state court lawsuit"). (See Dkt. 1, Exhibit 6, Page 1).

CAPITAL ONE had ample opportunity to mitigate damages. Plaintiff filed

suit in the above captioned matter against CAPITAL ONE for violating the FDCPA and TCPA. Plaintiff spent time researching case law, and spent funds as a Pro Se by paying the required filing fee in this action. Also, Plaintiff filed a timely answer to the state court lawsuit (also paying the required fees), and asserted numerous affirmative defenses. (See Exhibit 1 to this Opposition).

Counsel for CAPITAL ONE starts out by claiming that his client was *"erroneously sued as Capital One Bank (U.S.A.), N.A. assignee of HSBC Bank Nevada, N.A."* (See caption page, Dkt. 9, upper left corner); (See also Dkt. 9, footnote 1). "Defendant was erroneously named in the Complaint as Capital One Bank (U.S.A.), N.A., assignee of HSBC Bank Nevada, N.A." However, Plaintiff sued the *same entity in federal court* that sued Plaintiff ***in the state court lawsuit***. (Emphasis in bold).

The letter by its agent, FELIX, indicates it is on behalf of CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A., and referencing Account Number: XXXXXXXXXXXX9061. The first sentence states: "Dear Mr. Hatteberg: Capital One Bank (USA) N.A. **assignee of HSBC Bank Nevada, N.A**...." (Dkt. 1, Exhibit 4). (Emphasis in bold).

CAPITAL ONE knows or should know that its respective counsel (i.e. FELIX) *in the state court lawsuit* already made an appearance at a scheduling conference on September 30, 2019 along with Plaintiff, and whereby CAPITAL ONE's counsel represented by FELIX did **not** indicate and did **not** inform the state court that it "erroneously sued" Plaintiff *as the assignee* of HSBC BANK NEVADA, N.A. (Emphasis in bold).

Surely, if Plaintiff "erroneously sued" CAPITAL ONE with the wrong entity as "assignee" of HSBC BANK NEVADA, N.A., then CAPITAL ONE must have *also* "erroneously sued" Plaintiff as "assignee" of HSBC BANK NEVADA, N.A. Counsel's radical theory of Plaintiff erroneously suing CAPITAL ONE as "assignee," although seemingly illogical, is a question of fact for *this* Court.

### Legal Standard

The motion filed by CAPITAL ONE rests upon whether the allegations of the complaint satisfy the requirement of the Federal Rules of Civil Procedure, 8(a), which only requires a "short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). To obtain a dismissal for failure to state a claim, a dismissal is warranted only if there is "no reasonable expectation that discovery will reveal evidence to support the plaintiff's claims." (see *Twombly*).   It is not enough that a district court suspects that a plaintiff will ultimately "fail to find evidentiary support for his allegations or prove his claims to the satisfaction of the factfinder." Id at 563 n.8.

Also, the defendant (i.e., CAPITAL ONE), must demonstrate that the plaintiff does not even have a "plausible" claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1987).  When considering a 12(b)(6), "the court is to take all well-pleaded factual allegations as true and draw all reasonable inferences therefrom in favor of Plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998).  **"Facts alleged in the complaint are assumed to be true."** *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027 (9th Cir. 2002).  (Emphasis in bold).

Plaintiff filed the complaint within the mandates of F.R.Civ.P. 8(a), and also attached exhibits, including two separate affidavits.  Under Federal Rules of Civil Procedure 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." [F.R.Civ.P. 10(c)].

"The issue here is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  **"The Federal Court may proceed with the litigation because there is no bar to parallel Federal and State actions where each Court has jurisdiction over the persons."** *Penn General Casualty Co. v.*

1   *Pennsylvania*, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935). (Emphasis in

2   bold).   Regarding Plaintiff's factual allegations, CAPITAL ONE states "both

3   claims fail as a matter of law." (Dkt. 9, 2:7).  However, "Statements of counsel in

4   their briefs or argument while enlightening to the Court are not sufficient for

5   purposes of granting a motion to dismiss or summary judgment." *Trinsey v.*

6   *Pagliaro*, 229 F.Supp. 647 (E.D. PA. 1964).   Even if counsel is correct and

7   Plaintiff has pled some deficiencies in the complaint, pursuant to Rule 15(a) of the

8   Federal Rules of Civil Procedure, courts may freely grant leave to amend when a

9   viable case may be presented. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

10  ### Argument: FDCPA

11      Apart from already making its first alleged misrepresentation that Plaintiff

12  "sued the wrong entity," counsel starts out in its PRELIMINARY STATEMENT

13  by twisting facts to support a false narrative.  For example, CAPITAL ONE claims

14  "Plaintiff concedes that Capital One is not a debt collector as defined in the

15  statute." (MTD, 1:8).[1]  Plaintiff has done no such thing, and counsel is "putting

16  words in a Pro Se's mouth."  Plaintiff alleged that CAPITAL ONE <u>is</u> a "debt

17  collector" in the complaint. (Dkt. 1, ¶¶'s 14, 44).

18      Paragraph 14 states: "CAPITAL ONE, as <u>*servicer*</u> of transaction accounts, is

19  a **"debt collector"** [15 U.S.C. § 1692a(6)], as one "who regularly collects or

20  attempts to collect, directly or indirectly, debts owed or asserted to be owed <u>or due</u>

21  <u>another</u>."  **CAPITAL ONE collects and services debts due another** (i.e., third-

22  party investors who purchase credit card receivables on transaction accounts)."

23  (Emphasis in bold).

24      Paragraph 44 states: "CAPITAL ONE continued to act as a "servicer" and

25  **"debt collector"** for an alleged debt that CAPITAL ONE claimed was owed by

26  Plaintiff on the alleged account.  CAPITAL ONE understood that it was attempting

27  to collect an alleged debt from Plaintiff without an applicable customer agreement

28

---

[1] MTD = Motion To Dismiss (Dkt. 9)

showing ALL relevant terms and conditions, yet failed to cease its attempts to manipulate, deceive and coerce funds from Plaintiff." **"These wrongful collection activities are intended by the Defendants to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer." (*Wheeler*, Complaint at ¶ 62)."**[2]  (Emphasis in bold).

In furtherance of the false narrative, counsel then makes yet another scathing alleged misrepresentation: "Plaintiff alleges Capital One is the originator and servicer of his unsecured credit card account. (Compl. ¶ 13)."

Let's see what Plaintiff *actually* said in Compl. ¶ 13: "CAPITAL ONE is an originator and servicer of unsecured credit card accounts, also called transaction accounts, as that term "transaction account" is defined by the Federal Reserve Act, Sec 19(b)(1)(C)."  Plaintiff inserted a footnote with the definition of transaction account.  (Dkt. 1, pg. 4).

Indeed, the complaint does not indicate that plaintiff ever alleged that CAPITAL ONE was an originator of "his unsecured credit card account."  By way of example, see Dkt. 1 ¶ 36, which states: "CAPITAL ONE sent Plaintiff a "Customer Agreement" with a copyright date of 2014 and with the caption page stating **"Welcome to Capital One."**  (Emphasis in bold).  It also stated "Thank you for opening a credit card account with us."  **CAPITAL ONE attempted to deceive Plaintiff into accepting that this "Customer Agreement" was for an account allegedly opened with HSBC in 2008**, a completely different bank and from a completely different calendar year."  (Emphasis in bold).

The Court may ponder why counsel wants to mask the fact that CAPITAL ONE is an "assignee" of HSBC BANK NEVADA, N.A.  An assignee must have documents from the assignor, including the chain of title, and the original

---

[2] *Wheeler* is Robert Wheeler, represented by counsel, Stuart A. Eisenberg, who sued CAPITAL ONE BANK (USA) N.A. pursuant to FDCPA and other statutes (case settled).  *Wheeler v. Capital One Bank (USA) N.A. et al.*, Case No. 2:12-cv-05848-MSG (E.D. PA, 2012).

1  cardholder agreement signed by Plaintiff.  These are all discoverable issues for a
2  trier of fact.  Plaintiff did NOT originate an account with CAPITAL ONE, and
3  counsel is taking Plaintiff's reference of the word "originator" out of context.  It is
4  CAPITAL ONE who used the phrase "Thank you for opening a credit card account
5  with us" in the Copyright 2014 alleged agreement it sent to Plaintiff.  However,
6  even if CAPITAL ONE *was* the originator (which Plaintiff denies), CAPITAL
7  ONE would still act as a "debt collector" and "servicer" if it did not possess the
8  original agreement, and if the current owners were actually third-party investors
9  who acquired all rights, titles, interest and assigns).

10  In *Wheeler*, counsel for the plaintiff in state and federal court cited that the
11  agreement used by CAPITAL ONE was "a fake."  Plaintiff in this case alleged that
12  it was "non-notarized, unsigned, and inapplicable." (Dkt. 1, ¶ 35).  This is not the
13  first instance where CAPITAL ONE has been accused of sending inapplicable,
14  post-dated agreements to the "least sophisticated consumer."

15  Throughout the entire complaint, Plaintiff references CAPITAL ONE as a
16  *servicer* of the alleged debt.  Using the "Ctrl" and "F" keys while reading the
17  complaint as a .PDF file, the word "servicer" as a search inquiry is referenced in
18  six different paragraphs.  (Dkt. 1, ¶¶'s 13, 40, 43, 44, 79, and 86).  By way of
19  example, "CAPITAL ONE, in public filings with the SEC, readily admits it is a
20  **"servicer"** for the credit card accounts..." (Dkt. 1, ¶ 43).  (Emphasis in bold).
21  "CAPITAL ONE understood and knew or should have known that it was not
22  relieved from its liability to Plaintiff for failing to provide the applicable, alleged
23  agreement, and for its violations of the FDCPA as **servicer** of the alleged debt."
24  (Dkt. 1, ¶ 79).  (Emphasis in bold).  "CAPITAL ONE understood that the FDCPA
25  is a strict liability statute, and that Plaintiff has a private right of remedy to sue
26  CAPITAL ONE for engaging in any deceptive, or unfair business practice as a
27  **servicer** of the alleged account." (Dkt. 1, ¶ 86).  (Emphasis in bold).  The word
28  "creditor" using the same "Ctrl" and "F" function pulls up no results within the

drafted complaint.  Plaintiff alleges that CAPITAL ONE, among other things, did not provide him the **"original document of indebtedness in its original form."** (Dkt. 1 Exhibit 3, ¶ 1).  (Emphasis in bold).

According to a CFPB bulletin published in 2013,[3] "Original creditors and other covered persons and service providers involved in collecting debt related to any consumer financial product or service ***are subject to the prohibition against UDAAPs in the Dodd-Frank Act***.  (Emphasis in bold).  The CFPB goes on to state, "Although the FDCPA's definition of "debt collector" does not include some persons who collect consumer debt, all covered persons and service providers must refrain from committing UDAAPs in violation of the Dodd-Frank Act."

CAPITAL ONE, as a servicer, is a "covered person" and triggers an FDCPA violation when it commits any unfair or deceptive business practice.  For example, Plaintiff alleged that CAPITAL ONE, it its attempt to collect an amount owed that was not expressly authorized by any alleged agreement, was "engaged in unfair practices."  (Dkt. 1, ¶ 84).  [15 U.S.C. § 1692f(l)].

To state a claim under the FDCPA, the Plaintiff must allege facts that establish the following: (1) the Plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

Under FDCPA, the term "debt" includes "alleged debt" since it involves the statement "owed" or "allegedly owed." *Fausto v. Credigy Serv. Corp.*, 598 F.Supp. 2d 1049 (N.D. Cal. 2009).  There are two separate and distinct parts of the FDCPA defining a "debt collector." (1) Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, ***OR*** (2) Who regularly collects or attempts to collect,

---

[3] https://files.consumerfinance.gov/f/201307_cfpb_bulletin_unfair-deceptive-abusive-practices.pdf

1  directly or indirectly, debts owed or due or asserted to be owed **or due another**.

2  (Emphasis in bold).  [15 U.S.C. § 1692a(6)].

3      CAPITAL ONE fits the definition of the second part of the FDCPA because

4  (1) all rights, titles, interests and assigns are *owned* by a third-party, namely,

5  investors who are entitled to the receivables on the transaction account;  (2) it does

6  not possess the signed effective credit agreement, thus acts as a "servicer" and

7  "debt collector" for an alleged debt *due another*; (3) it creates an insurance policy

8  with premiums funded by the consumer as a portion of finance charge receivables,

9  *without providing full and fair disclosure* to the consumer, in order to shield itself

10  from liability.  (Dkt. 1, ¶'s 23, 38, 39, 40, 41, 42).  Publicly available documents

11  will show CAPITAL ONE uses the word "collections" when referencing the

12  receivables, whereby CAPITAL ONE separates the payments it receives from a

13  consumer into two separate tranches, "principal receivables" and "finance charge

14  receivables."  CAPITAL ONE is not entitled to keep the principal receivables,

15  because they are "due another."  CAPITAL ONE acts as a servicer, servicing the

16  transaction account.  These issues are reserved for discovery, as Plaintiff is not

17  required to prove his case **at the pleading stage**.  (Emphasis in bold).

18      Defendant cites a slew of cases in support of its MTD regarding Plaintiff's

19  FDCPA claim.  First, defendant wants the Court to review *Pollice v. Nat'l Tax*

20  *Funding, L.P.*, (3rd Cir. 2000) (MTD, 2:9-10).  In *Pollice*, the Court concluded that

21  the term "debt" is not limited to involving the *offer or extension of credit* to a

22  consumer.  The Court further stated, "In our view, the plain meaning of section

23  1692a(5) indicates that a "debt" is created whenever a consumer is obligated to pay

24  money as a result of a transaction whose subject is primarily for personal, family or

25  household purposes."  No "offer or extension of credit" is required.  The Court also

26  concluded, "The [FDCPA] does not apply to persons or businesses collecting debts

27  **on their own behalf**."  (Emphasis in bold).

28      However, Plaintiff's allegations are distanced from the plaintiff in *Pollice*,

since Plaintiff alleges that CAPITAL ONE is NOT collecting an alleged debt "on their own behalf" but rather **due another**. (Emphasis in bold).

*Boosahda v. Providence Dane, LLC* (4th Cir. 2012) cited by counsel is an unpublished opinion.[4] Yet, since counsel mentioned it (MTD, 2:13-14), Plaintiff will address it. *Boosahda* actually won in state court after being sued, then brought forth federal claims pursuant to the FDCPA. *Boosahda* could not establish that it was a "consumer debt" subject to the FDCPA as *Boosahda* "stated repeatedly that he could not recall obtaining credit cards from either Chase or First USA, and he did not remember using any such cards to make purchases." Unlike *Boosahda*, Plaintiff does <u>not</u> dispute that the alleged debt allegedly owed to CAPITAL ONE is a "consumer debt." Plaintiff cited *Thomas*, where the Court ruled that "usage of a card" and "statements sent and received" do not establish liability without the applicable Cardholder Agreement. (Dkt. 1, ¶ 25 and footnote 3). Here, Plaintiff disputes the amount on "account stated" and claims in the NOTICE OF DENIAL that "the correct balance is zero ($0.00)." (Dkt. 1, Exhibit 3, ¶ 4).

*Rispoli v. Bank of Am.*, (W.D. Wash. July 1, 2011) cited by counsel (MTD, 2:17-20) references real property being refinanced by a mortgage loan **secured by a deed of trust**. (Emphasis in bold). The case has no bearing on credit card receivables on unsecured transaction accounts. *Rispoli* stated "Mr. Rispoli acknowledges that Bank of America was the identified as the lender in the October 23, 2009 deed of trust on his property, and describes the October 23, 2009 loan as a "refinance."" The Court in *Rispoli* also opined "Mr. Rispoli does not contend that he has paid his outstanding debt; instead he acknowledges he has been in default

---

[4] Unpublished opinions by circuit courts are not binding precedent, but may shed some light on triable issues of fact. See *Carlos v, PATENAUDE & FELIX APC*, (9th Cir. 2018), addressing "the triable issue of fact as to whether Carlos signed at least one of the documents constituting **the credit card agreement** that references and incorporates the others." Summary judgment against Carlos was REVERSED and REMANDED. (Emphasis in bold).

1    since December 1, 2009." Not so with Plaintiff here, who has repeatedly disputed

2    the alleged debt, who has "denied" being in "default" and sent CAPITAL ONE a

3    sworn affidavit regarding the same. (See in general, Dkt. 1, Exhibit 3).

4         Counsel next cites *Henson v. Santander Consumer USA Inc.* (MTD: 3:14-

5    16). *Hensen*, like the other cases mentioned by counsel in the MTD, once again, is

6    distanced from Plaintiff. Judge Gorsuch delivered the opinion, and said,

7    "Petitioners suggest that Santander can qualify as a debt collector not only because

8    it regularly seeks to collect on its own account debts that it has purchased, but also

9    because it regularly acts as a third-party collection agent for debts owed to others."

10   Judge Gorsuch went on to state, **"Petitioners did not, however, raise the latter**

11   **theory in their petition for certiorari and neither did we agree to review it."**

12   (Emphasis in bold).

13        In other words, the Supreme Court in *Hensen* did NOT address the same

14   issue that Plaintiff alleges in this complaint, specifically, on whether CAPITAL

15   ONE can qualify as a "debt collector" when it acts as a third-party collection agent

16   **for debts owed to others**. (Emphasis in bold). Indeed, Judge Gorsuch followed

17   up the opinion by stating, "the statutory text <u>at issue</u> speaks not at all about

18   originators and current debt owners but only about whether defendant seeks to

19   collect on behalf of itself or "another."" Whether or not Santander was an

20   originator was not the central focus of the Supreme Court's opinion. Unlike in

21   *Hensen*, Plaintiff alleges in the complaint that CAPITAL ONE does not *own* the

22   alleged debt itself, it acts as a "servicer" who collects on behalf of another, as in

23   "due another." Another distinctive fact that separates *Henson* from Plaintiff's

24   complaint is that *Hensen* argued the word "owed" to mean past tense, as in "owed

25   to someone prior." However, Judge Gorsuch rejected the argument, stating,

26   "...past participles like "owed" are routinely used as adjectives to describe the

27   present state of a thing." Plaintiff did not sue CAPITAL ONE because of an

28   alleged debt allegedly "owed prior" to HSBC. Plaintiff sent demand letters to

CAPITAL ONE, and disputed the alleged debt **which at the time CAPITAL ONE claimed was *currently* owed to CAPITAL ONE**. (Emphasis in bold).

In *Schlegel v. Wells Fargo Bank*, NA. (9th Cir. 2013) (MTD, 3:16-20), the 9th Circuit said, "The complaint fails to provide any factual basis from which we could plausibly infer that the **principal purpose** of Wells Fargo's business is debt collection." (Emphasis in bold). The plaintiffs in *Schlegel* were arguing the first part of the definition of "debt collector." When the plaintiffs attempted to argue the second part of the definition, the 9th Circuit said, **"The complaint makes no factual allegations from which we could possibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo."** (Emphasis in bold). *Schlegel* is also distanced from Plaintiff's case as it was regarding a loan modification agreement of a refinanced mortgage which was eventually approved and accepted by the plaintiffs. *Schlegel* is unlike Plaintiff's allegations before this Court, wherein Plaintiff *does* say that CAPITAL ONE is collecting debts "owed to someone other than CAPITAL ONE." Furthermore, the case has no bearing on unsecured credit card receivables of a transaction account.

*Pratap v. Wells Fargo Bank, N.A.* (N.D. Cal. 2014) cited by counsel in the MTD (MTD, 3:20-23) references real property secured by deeds of trust and recorded at the county recorder's office. Courts within the Ninth Circuit have long held that a nonjudicial mortgage foreclosure proceedings on secured real property do not qualify as "debt collection." The case has nothing to do with unsecured credit card receivables *on a transaction account*.

In *Maguire v. Citicorp Retail Servs., Inc.* (2nd Cir. 1998) cited by counsel (MTD, 3:23-24), the plaintiff in *Maquire* "defaulted on her account and ultimately filed for bankruptcy." After emerging from bankruptcy, she sued Citicorp, and the 2nd Circuit actually *reversed* the decision by the district court that ruled in Citicorp's favor. The issue concerning FDCPA was whether Citicorp was using another entity other than its own to collect an alleged debt. This brings up an

interesting point for Plaintiff, as Plaintiff received several letters from CAPITAL ONE with the CAPITAL ONE logo, and which uses the phrase "debt collector" and "this is an attempt to collect a debt" within the letter. Was CAPITAL ONE attempting to also deceive Plaintiff by communicating through another entity? These issues must be resolved at discovery, and not at the pleading stage. Regardless, the Plaintiff in *Maquire* did not dispute the debt, and did not allege that the defendant was collecting an alleged debt "due another" on an unsecured transaction account.

Counsel goes on to make yet another misrepresentation in the MTD, and retries to "put words in a Pro Se's mouth." By way of example, counsel states, "While Plaintiff conclusory alleges that Capital One is a debt collector for third-party investors, he simultaneously concedes that Capital One originates and services its own debt. *See* Comp. ¶ 14-15. Thus, Plaintiff concedes that Capital One is not a debt collector under the FDCPA, and his claims fails." (MTD, 4:3-6).

It is counsel's opportunistic attempts at plagiarism that fail. Let's see what Plaintiff *actually* said in "Comp. ¶ 14". "CAPITAL ONE, as *servicer* of transaction accounts, is a "debt collector" [15 U.S.C. 1692a(6)], as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed <u>or due another</u>." CAPITAL ONE collects and services debts due another (i.e., third-party investors who purchase credit card receivables on transaction accounts)." Nowhere does it state in ¶ 14 in the complaint that either "Capital One originates and services its own debt" or that "Plaintiff concedes that Capital One is not a debt collector."

Counsel further accuses Plaintiff's allegations as "conclusory." Plaintiff need not provide documentary evidence at the pleading stage to support the claims beyond what is already filed, as that is reserved for discovery. At the **pleading stage**, specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus,*

1   551 U.S. 89, 93, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Twombly*).

2   (Emphasis in bold).

3          Counsel then alludes to ¶ 15 in the complaint as some type of "conceding"

4   event.  However, paragraph 15 states: "The CEO of CAPITAL ONE is Richard D.

5   Fairbank (hereinafter "CEO Fairbank"), who is also he CEO, President and

6   Chairman of the Board of Capital One Financial Corporation, the parent of

7   CAPITAL ONE."  (The CEO of CAPITAL ONE is actually the President of many

8   entities, not just the ones mentioned in ¶ 15 of the complaint).

9          *Davidson v. Capital One Bank (USA) N.A.* (11th Cir. 2015) (MTD, 4:9-11)

10  cited by counsel is completely off point.  *Davidson* entered a **signed agreement to**

11  **pay HSBC $500** after being sued.  (Emphasis in bold).  *Davidson* did NOT pay

12  HSBC despite agreeing to do so by a signed written contract.  Whatever happened

13  next is immaterial as *Davidson* clearly did not challenge the terms of a signed

14  written agreement.  Besides, the 11th Circuit interpreted the term "debt collector"

15  as having two separate and distinct parts of the definition, the second part is the

16  exact part that Plaintiff alleges here in *this* complaint.

17         *Smith v. Capital One Fin. Corp.* (C.D. Cal. May 11, 2012) (MTD, 4:11-15),

18  is a case where a Pro Se "admitted" that she owed a debt, did not allege facts

19  pursuant to the FDCPA that Plaintiff has alleged, and sued under invasion of

20  privacy when defendants made phone calls.  Here, Plaintiff disputed the debt,

21  denied the amount claimed that was owed, and demanded the signed applicable

22  Cardholder Agreement, *unlike* Smith.  Regarding the phone calls, Plaintiff sued

23  under the TCPA, and *not* a state claim for "invasion of privacy."  *Smith* is more

24  distanced from Plaintiff's factual allegations than a long-range ballistic missile.

25         *Cooper v. Pressler & Pressler* (D.N.J. 2012) is off point (MTD, 4:15-17).

26  *Cooper* was a Pro Se who sued the defendant for eight counts: FCRA (i.e., the Fair

27  Credit Reporting Act), FDCPA, and state law causes of action for reckless and

28  wanton conduct, invasion of privacy – false light, defamation, intentional

misrepresentation, and intentional infliction of emotional distress.  Similar to the other cases cited in defendant's MTD, *Cooper* did NOT allege that the defendant was collecting or attempting to collect debts "**due another**." (Emphasis in bold). Thus, the case is not indicative of what Plaintiff has alleged here.

In *Wyman v. Wells Fargo Bank, N.A.* (N.D. Cal. July 19, 2018) (MTD, 4:17-20), counsel cites another case relating to a loan modification of real property through an agreement.  "Defendants contend that **under the agreement**, plaintiffs were required to pay back the secondary principal balance…" "Here, plaintiffs' modification had a principal amount of $722,770.50 **and their loan was secured by a deed of trust**." (Emphasis in bold).  The Plaintiffs did not deny that they defaulted, and sued pursuant to FDCPA, whereby the Court dismissed the claim *because it was time-barred*.  "Because plaintiffs received the loan modification in February 2012, plaintiff's claim is time-barred."  Surely, a $700,000+ real estate transaction that is secured by a deed of trust and a signed written loan modification agreement is no comparison to an unsecured credit card receivable on a transaction account without any alleged, applicable signed agreement.

None of the cases cited by counsel would disturb Plaintiff's allegations in the complaint regarding the definition of "debt collector" to include a person who collects or attempts to collect on an alleged debt "due another."  More importantly, CAPITAL ONE communicated to the credit bureaus that Plaintiff was disputing the debt.  Had it not done so, then Plaintiff could also have included violations of 1692e(8), which states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed.**" (Emphasis in bold).  [15 U.S.C. § 1692e(8)].

### Argument: TCPA

Regarding the TCPA claim, defendant makes a few final jabs at Plaintiff's complaint by continuing to promote its false narrative.  For example, counsel

1  wants the Court to dismiss the TCPA cause of action in the complaint on the
2  following premise: "Plaintiff provides no such factual allegation.   Instead, he
3  merely states, without any factual support, that Capital One used an ATDS.  See,
4  e.g. Compl. ¶¶ 26, 28, 29, 66, 77." (MTD, 5:10-12).

5       The elements of a TCPA claim are "(1) the defendant called a cellular
6  telephone; (2) using an automatic telephone dialing system ["ATDS"]; (3) without
7  the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*,
8  707 F.3d 1036, 1043 (9th Cir. 2012).  When facing a motion to dismiss, "courts
9  permit a plaintiff to make minimal allegations at the complaint stage, permitting
10  discovery to proceed on the issue of an ATDS, **because the information is in the**
11  **sole possession of the defendant**." (Emphasis in bold).  *Jiffy Lube Int'l Inc. Text*
12  *Spam Litig.*, 847 F.Supp. 2d 1253, 1260 (S.D. Cal. 2012).

13       Paragraph 26 in the complaint states: "CAPITAL ONE began to use an
14  ATDS on November 6, 2018 to call Plaintiff **on his mobile phone** 949-370-0051
15  in order to place collection calls on an alleged, *disputed* debt." (Emphasis in bold).
16  When viewing Plaintiff's complaint as a .PDF file, using the "Ctrl" and "F" keys
17  and typing in the word "mobile" in the search field pulls up seven different
18  paragraphs where Plaintiff mentions calls to *his* cellular[5] telephone phone. (Dkt. 1,
19  ¶¶'s 26, 27, 32, 62, 64, 67, and 69).  Using the "Ctrl" and "F" keys and typing in
20  the word "ATDS" in the search field pulls up nine different paragraphs where
21  Plaintiff mentions "ATDS."  (Dkt. 1, ¶¶'s 4, 5, 26, 28, 66, 67, 68, 70, and 71).
22  Using the "Ctrl" and "F" keys and typing the word "consent" pulls up four
23  different paragraphs in reference to the TCPA.  (Dkt. 1, ¶¶'s 5, 27, 68, and 70).
24  For example, in ¶ 5, Plaintiff cited case law to support that TCPA allows a
25  consumer to revoke any "prior express consent."  In ¶ 27, Plaintiff states that "prior
26  consent to call (if any) was **revoked**.  (Emphasis in bold).  In ¶ 68, Plaintiff states
27  "CAPITAL ONE did not have Plaintiff's express consent…" and in ¶ 70, Plaintiff

28
---
[5] Plaintiff uses the word "mobile" which is of course in reference to a "cellular" telephone.

1   states in reference to the phone calls made by CAPITAL ONE were made **without**
2   **his consent**." (Emphasis in bold).

3       Plaintiff references several other lawsuits filed against CAPITAL ONE for
4   TCPA violations in California federal courts, where the complaints had the same or
5   very similar language regarding the allegations of a violation of the TCPA, and
6   where CAPITAL ONE **answered the complaints**. (Emphasis in bold). *Wanda*
7   *Garcia v. Capital One Bank (USA) N.A.*, 2:18-cv-09030-DMG-MAA (C.D.
8   California 2018); *Kenneth Forney v. Capital One Bank (USA) N.A.*, 3:19-cv-
9   00120-DMS-BGS (S.D. California, 2019). (Dkt. 1, ¶ 71).

10       Defendant claims that Plaintiff used the word "automated" as being
11   "inadequate." (MTD, 5:13-14). Defendant also cites *Bodie v. Lyft* (S.D. Cal. Jan.
12   15, 2019) and takes it out of context. For example, counsel for defendant attempts
13   to incorrectly link Plaintiff's allegations with *Bodie*, implying that the Court should
14   dismiss Plaintiff's TCPA claim because *Bodie* was dismissed due to the following:
15   "The FAC merely parrots statutory definition of an ATDS…" (MTD, 5:17-18).
16   However, Plaintiff did not "parrot the statutory definition of an ATDS." Nowhere
17   in the complaint does Plaintiff even cite the statutory text of the definition!

18       In support of the TCPA claim, the complaint alleges that Plaintiff sent a
19   demand notice to "cease ALL telephonic communications pursuant to the TCPA."
20   (Dkt. 1, ¶ 22). Plaintiff alleges that CAPITAL ONE used a number "known to be
21   used by CAPITAL ONE to make collection calls, 800-955-6600." (Dkt. 1, ¶ 28).
22   Plaintiff alleged that CAPITAL ONE made calls "daily" and using a "robot dialer."
23   (Dkt. 1, ¶ 29). Plaintiff alleges that CAPITAL ONE "made 23…collection calls"
24   and that the calls were "automated." (Dkt. 1, ¶ 30). Plaintiff alleges that the time
25   of calls was "around 8am." (Dkt. 1, ¶ 31). Plaintiff alleges that Plaintiff "had to
26   call the 800# to finally get the calls to stop." (Dkt. 1, ¶ 32). Plaintiff alleges that
27   CAPITAL ONE did not have Plaintiff's express consent to use an ATDS…" (Dkt.
28   1, ¶ 68). Plaintiff alleges CAPITAL ONE "had full awareness that it was using an

1  ATDS…" (Dkt. 1, ¶ 70).  Plaintiff alleges that "Plaintiff **researched the phone**

2  **number 800-955-6600**, and realized CAPITAL ONE uses this and other numbers

3  in its debt collection attempts via an ATDS, **which resulted in several lawsuits**

4  **for violations of the TCPA**." (Dkt. 1, ¶ 71).  (Emphasis in bold).

5       Defendant finishes up the final few sentences of the MTD by citing

6  *Armstrong v. Investor's Bus. Daily, Inc.* (C.D. Cal. Dec, 21, 2018).  (MTD, 5:20-

7  22).  In *Armstrong*, the Court actually DENIED defendant's motion "to the extent

8  it seeks dismissal based upon Plaintiff's failure to adequately plead a "concrete and

9  particularized harm" attributable an alleged violation of the TCPA."  The Court in

10  this district GRANTED ***with leave to amend*** "to the extent it seeks dismissal of

11  Plaintiff's TCPA claim for failure to sufficiently allege facts showing that the IBD

12  Defendants sent a single two-part message using an automatic telephone dialing

13  system." (Opinion by the Honorable MICHAEL W. FITZGERALD, United States

14  District Judge).  (Emphasis in bold).

15       Defendant wants the Court to dismiss the TCPA claim by incorrectly linking

16  Plaintiff's allegations with *Armstrong*.  *Armstrong* also alleged lack of standing.

17  However, Plaintiff made an Article III standing claim in the complaint (Dkt. 1, ¶

18  18), and CAPITAL ONE did not make a move to dismiss pursuant to 12(b)(1).

19       Defendant references *Armstrong* with one sentence: "holding that ATDS

20  allegations were insufficient **as mere recitation of statute**."  (Emphasis in bold).

21  However, Plaintiff did not make any "mere recitation of statute" regarding an

22  ATDS.  Plaintiff made multiple references to an ATDS, and in discovery, Plaintiff

23  will show that each of the 23 phone calls made by CAPITAL ONE used an

24  artificial or pre-recorded voice in attempts to collect an alleged debt.[6]

25
26  [6] Plaintiff, being a Pro Se, was going to reserve the specifics of each artificial or pre-recorded

27  voice phone call made by CAPITAL ONE for the discovery stage.  However, Plaintiff is willing

28  to amend the complaint if the Court finds it necessary to amend concerning an ATDS.  Plaintiff

will include a list of each phone call with more specific details, and attach an affidavit in support.

## Conclusion

Plaintiff has stated a claim under 15 U.S.C. § 1692 et seq. and 47 U.S.C. § 227 et seq.  Both causes of action are strict liability statutes.  Questions of law and fact remain that cannot be determined at the pleading stage.  For example: (1) Did CAPITAL ONE send Plaintiff an inapplicable cardholder agreement after repeated demands to provide the signed original document of indebtedness in its original form? (2)   Did CAPITAL ONE act as "servicer" for a transaction account in attempts to collect an alleged debt "due another?"  (3) Did CAPITAL ONE create an insurance policy from a portion of the finance charge receivables, without providing full and fair disclosure to Plaintiff?  (4) Did CAPITAL ONE use an ATDS to make collection calls to Plaintiff?  (5) Did CAPITAL ONE file the state court lawsuit on "account stated" as a means to "dupe" a "least sophisticated consumer" in order to obtain a default judgment?

Plaintiff contends that the complaint provides "fair notice" to defendant regarding the claims (*Twombly*) and that the claims are plausible (*Iqbal*), commonly referenced as "*Twiqbal*."  Plaintiff contends that even as a Pro Se, Plaintiff has pled the complaint "like a *Twiqbal* on steroids" and for all the reasons described herein, defendant CAPITAL ONE's 12(b)(6) should be DENIED.


Dated: October 22, 2019

Respectfully submitted,


Eric Hatteberg, Pro Se Plaintiff
2322 Calle Almirante
San Clemente, CA  92673
949-370-0051
gabwitheric@yahoo.com

1

**CERTIFICATE OF SERVICE**

2   I, Eric Hatteberg, filed with the clerk of the Court, the OPPOSITION TO

3 DEFENDANT's MOTION TO DISMISS, and attached exhibit on October 22,

4 2019, and sent a copy to counsel on record via postal mail.

5

6 BALLARD SPAHR LLP
Marcos D. Sasso (State Bar No. 228905)

7 sassom@ballardspahr.com
2029 Century Park East, Suite 800

8 Los Angeles, CA  90067
Telephone: 424-204-4400

9

10 Attorneys for Defendant CAPITAL ONE BANK (USA) N.A. ASSIGNEE OF
HSBC BANK NEVADA, N.A.

11

12

13

14

15

16

17

18

19

20

21

                _____

22          Eric Hatteberg, Pro Se Plaintiff

23          2322 Calle Almirante
          San Clemente, CA  92673

24          949-370-0051
          gabwitheric@yahoo.com

25

26

27

28

# Exhibit 1

1  ERIC HATTEBERG
   2322 Calle Almirante
2  San Clemente,CA92673

3  Defendant, in *pro per*

4

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 2 9 2019**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____ **S. JUAREZ** ____ DEPUTY

5

6

7

8

9

IN THE SUPERIOR COURT
COUNTY OF ORANGE
STATE OF CALIFORNIA

10  CAPITAL ONE BANK (USA), N.A.          ) Case No.: 30-2019-01078453-CL-CL-CJC
11  ASSIGNEE OF HSBC BANK NEVADA,        )
    N.A.,                                ) **ANSWER TO COMPLAINT;**
12                                        ) **AFFIRMATIVE DEFENSES;**
13              Plaintiff,               ) **INTRODUCTION OF NEW MATTER BY**
                                         ) **DEFENDANT**
14      vs.                              )
                                         )
15  ERIC M HATTEBERG,                    )
                                         ) **JURY TRIAL DEMANDED**
16              Defendant.               )
                                         )
17

18      NOW COMES ERIC M. HATTEBERG, named Defendant, *in pro per*, (hereinafter

19  "Defendant"), in the above-entitled and numbered cause, and files this Answer to CAPITAL

20  ONE BANK (USA), N.A.'s (hereinafter "Plaintiff") Complaint, and shows the Court:

21

22                              **GENERAL DENIAL**

23      In answering the allegations in the Complaint, Defendant denies any and all

24  allegations contained in headings and/or un-numbered paragraphs in the Complaint.

25

26

27

28
                                        1
                        ANSWER AND AFFIRMATIVE DEFENSES
        (Notice to Principal is Notice to Agent; Notice to Agent is Notice to Principal)

Further, except as expressly admitted or qualified below, Defendant denies each and every allegation of the Complaint.

Defendant would like to remind this Court that the United States Congress found abundant **evidence of the use of abusive, deceptive, and unfair debt collection practices** by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state action to protect consumers against debt collection abuses. **(Emphasis added).**

Further, Defendant ERIC HATTEBERG, an individual, in *pro per*, a "Consumer" as defined by the FDCPA, *(See 15 U.S.C. § 1692a(3))*, answers each paragraph of Plaintiff's Complaint as follows:

**Paragraph 1:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

**Paragraph 2:**  Admit

**Paragraph 3:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

**Paragraph 4:**  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegation.

**Paragraph 5:**  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegation

**Paragraph 6:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

**Paragraph 7:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

**Paragraph 8:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

However, the fact that Plaintiff makes a claim under account stated, means there is not an agreement between Plaintiff and Defendant.

There is only an implied claim, or legal fiction, which brings this into conflict with contractual principles. 1 C.J.S., Account Stated. Defendant has served Plaintiff with Notice(s) of Dispute. There is no accord and satisfaction between the parties.

Defendant reminds Plaintiff that they will have to certify, in discovery, any alleged agreement under penalty of perjury (*See also CAL Penal Code Sec 132).*

**Paragraph 9:**  Deny.

**Paragraph 10:**  Defendant is without information or knowledge sufficient to form an opinion as to the truth or accuracy of Plaintiff's claim, and therefore, denies generally and specifically Plaintiff's claim and demands strict proof thereof.

Plaintiff's allegations are misleading and unsupported by a competent witness with first-hand knowledge of the alleged debt, therefore, Defendant's Answer and Affirmative Defenses includes responses based upon an account stated theory.

Plaintiff has failed to offer evidence of any element and therefore cannot recover under this theory. It is not necessary for Defendant to disprove Plaintiff's claim if Plaintiff fails to establish its prima facie case. (ex. *Swilley v. Hughes*, 488 S.W.2d 64, 76 (Tex. 1972))

For the foregoing reasons, this cause of action should be dismissed as a matter of law and fact.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     Defendant is informed and believes and, based thereon, alleges the Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action, or any cause of action, against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Privity)**

2.     Defendant is informed and believes and, based thereon, alleges the Complaint lacks any evidence to establish that the Plaintiff is the assignee of the account or debt.

Furthermore, Defendant is informed and believes and, based thereon, alleges the

Complaint lacks any evidence of a contract or agreement between the Plaintiff, or the

plaintiff's assignor and the Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.      Defendant is informed and believes and, based thereon, alleges that Plaintiff

has waived its right to all of the claims asserted in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      Defendant is informed and believes and, based thereon, alleges that, as to

each alleged cause of action, Plaintiff failed, refused and neglected to take reasonable steps

to mitigate alleged damages by refusing settlement offer from Defendant thereby Defendant

incurred additional court costs and fees unnecessarily.

### FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

5.      Defendant is informed and believes and, based thereon, alleges Plaintiff's

Complaint, and each cause of action contained therein, is barred by the doctrine of unjust

enrichment, and that Plaintiff would be unjustly enriched by the requested relief.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

6.      Defendant is informed and believes and, based thereon, alleges Plaintiff or the

assignor has failed to attach a true, correct and complete certified copy of a signed, alleged

written agreement with all terms and conditions that shows it is the legal owner of the debt and has a right to bring this case.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.    Defendant is informed and believes and, based thereon, alleges Plaintiff's Complaint, and each cause of action contained therein, by reason of the acts and omissions of the Plaintiff, or Plaintiff's assignor are estopped from entitlement to any recovery, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Misrepresentation or Deceit by Plaintiff)

8.    Defendant is informed and believes and, based thereon, alleges Plaintiff obtained the Defendant's consent to any alleged agreement, if an agreement exists, through deceit or misrepresentation by the Plaintiff or Plaintiff's assignor, thereby making any alleged agreement or contract invalid.

## NINTH AFFIRMATIVE DEFENSE

### (No Damage to Plaintiff)

9.    Defendant is informed and believes and, based thereon, alleges Plaintiff did not suffer any economic loss from any of the allegations, if found to be true, in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Defendant is informed and believes and, based thereon, alleges Plaintiff, by virtue of their own irresponsible, and other wrongful conduct, Plaintiff should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Acceptance)

11.     Defendant is informed and believes and, based thereon, asserts that no alleged agreement or contract, if one exists, was formed between Defendant and Plaintiff, because Defendant never explicitly accepted any alleged contract with Defendant's bona fide signature.  For further answer, if such be necessary, Defendant would show that any agreement that Plaintiff contends is applicable is not genuine and any assertions that the agreement is genuine are denied.

## INTRODUCTION OF NEW MATTER

The following NEW MATTER is a simplified extrapolation from Defendant, Eric M. Hatteberg's, "Factual Allegations" and "Causes of Action" in the Civil Complaint filed in United States District Court for the Central District of California, docketed as *Eric Hatteberg v. Capital One Bank (USA), N.A. (8:19-cv-01425 DOC (KES).)*

1.     Capital One Bank (USA), N.A. was sent "dispute" and "denial" notices on multiple occasions with direct demands from Hatteberg for the signed, applicable credit card Agreement with all terms and conditions fully disclosed for the alleged account.

2.     Hatteberg sent a complaint to the Consumer Financial Protection Bureau ("CFPB") upon Capital One Bank (USA), N.A. failure to provide an acceptable document for the alleged account.

3.     Hatteberg informed Capital One Bank (USA), N.A. it lacked standing and Hatteberg repeatedly denied contracting on any implied or expressed "account stated" theory.

4.     Capital One Bank (USA), N.A. continued its collections effort without providing Hatteberg strict proof of the alleged debt as requested, and in direct violation of FDCPA statutes.

5.     Capital One Bank (USA), N.A. made calls in direct violation of TCPA statutes after being notified in writing to cease all communications.

6.     Capital One Bank (USA), N.A. assigned Patenaude & Felix ("FELIX") to continue its collection effort.

7.     Hatteberg received a collection letter from FELIX dated March 4, 2019.

8.     Hatteberg responded, in writing, informing Capital One Bank (USA), N.A., through their assignor FELIX, he refused to pay a non-existent debt and made it abundantly clear that the alleged account was in dispute with Capital One Bank (USA), N.A., a formal dispute was filed with the CFPB, and a **sworn Affidavit was provided** with Hatteberg's response to FELIX, and sent by certified mail.

9.      Hatteberg sent Capital One Bank (USA), N.A., through their assignor FELIX and Ms. Danielyan specifically, an opportunity to cure this dispute and to mitigate unnecessary litigation, but Capital One Bank (USA), N.A. and/or their assignor FELIX never responded or acknowledged Hatteberg's offer.

10.     The Causes of Action set forth in the Federal action brought by Hatteberg are as follows:

a. Violation(s) of the Fair Debt Collections Practices Act: 15 U.S.C. 1692 et. seq. by Capital One Bank (USA), N.A.

b. Violation(s) of the Telephone Consumer Protection Act: 47 U.S.C. 227 et. seq. by Capital One Bank (USA), N.A.

## RELIEF REQUESTED

WHEREFORE, Defendant seeks dismissal with prejudice of any and all claims made by the Plaintiff, and Plaintiff's counsel of record, purporting to make as a matter of right under the subject contract.

Defendant requests that this Court issue an Order to enjoin Plaintiff, and Plaintiff's counsel of record, from pursuing action in this Court until they become compliant with the FCRA, the FDCPA and TILA; or state law equivalent.

Any other relief the Court deems fair and just in favor of Defendant.

Dated: 7-29-19

_____      ERIC HATTEBERG, Defendant, in *pro per*

9
ANSWER AND AFFIRMATIVE DEFENSES
(Notice to Principal is Notice to Agent; Notice to Agent is Notice to Principal)