**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1425-DOC-KES               Date: November 20, 2019

Title: ERIC HATTEBERG v. CAPITAL ONE BANK (USA), N.A.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [9]

Before the Court is Defendant Capital One Bank (USA), N.A.'s ("Defendant") Motion to Dismiss ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

**I.   Background**

**A.   Facts**

The following facts are drawn from Plaintiff Eric Hatteberg's ("Plaintiff") Complaint (Dkt. 1). Plaintiff alleges that Defendant has been attempting to collect on a debt, which Plaintiff denies he owes Defendant. Compl. ¶ 44. As a result, on three separate occasions in October, November, and December 2018, Plaintiff requested, via certified mail, that Defendant send him an original copy of the signed cardholder agreement for his credit card account. *Id.* ¶ 19. In response, Plaintiff received only an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES            Date: November 20, 2019
           Page 2

unsigned, generic agreement. *Id.* ¶ 35. This unsigned agreement was copyrighted in 2014 and applied to Capital One credit card accounts; the original agreement Plaintiff requested, however, was for an HSBC credit card account opened in 2008. *Id.* ¶ 36. Plaintiff believes this response was intentional and deceptive on Defendant's part. *See id.* ¶¶ 37, 39, 60.

In his October 2018 letter to Defendant, Plaintiff also included the following instruction: "This notice also constitutes a Notice to Cease ALL Telephonic Communications. Non-compliance with this request will violate the Telephone Consumer Protection Act, 47 U.S.C. Sec 227 et seq., and may cause your firm to suffer $500 in damages per alleged violation." *Id.* ¶ 22. Plaintiff's request was in vain; from November 6 through November 29, 2018, Plaintiff received an automated call from Defendant to his mobile phone every day, except for Thanksgiving (November 22). *Id.* ¶ 29. In total, Plaintiff received twenty-three phone calls, all from the same number, usually around 8 a.m. *Id.* ¶¶ 27, 30-31. Plaintiff researched the number that was calling him (800-955-6600), and as a result believes that Defendant has previously used this number to make automated phone calls. *Id.* ¶ 71.

## B.     Procedural History

Plaintiff filed his Complaint in this Court on July 24, 2019. Plaintiff named as Defendant Capital One Bank (USA), N.A., Assignee of HSBC Bank Nevada, N.A.,[1] and raised the following claims:

(1) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii); and

(2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

*See generally* Compl.

On October 9, 2019 Defendant responded with the instant Motion to Dismiss. On October 22, 2019, Plaintiff filed an Opposition brief (Dkt. 13), and Defendant filed a Reply on November 8, 2019.

---

[1] Defendant contends this naming was erroneous, and should instead read only "Capital One Bank (USA), N.A." Mot. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES                          Date: November 20, 2019
                                                                                                               Page 3

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES　　　　　　　　　　　　　　　　　　　　　Date: November 20, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

### III. Discussion

#### A. Plaintiff Has Adequately Stated a Claim Under the Telephone Consumer Protection Act

In Count I of the Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by making automated phone calls prohibited by 47 U.S.C. § 227(b)(1)(A)(iii). Compl. ¶¶ 63-74. The Ninth Circuit has held that a TCPA claim has three elements, viz., "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). The statute, in turn, defines an "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

#### 1. Defendant Misapplies the *Twombly* and *Iqbal* Pleading Standard

According to Defendant, the Complaint merely recites the relevant statutory language, and thus amounts to the sort of conclusory allegation disallowed under *Twombly* and *Iqbal*. Mot. at 5. As a result, Defendant contends, Plaintiff has not sufficiently pleaded that Defendant used an ATDS to call Plaintiff. *Id.* Plaintiff disagrees with this characterization and identifies points in the Complaint where additional details are alleged. Opp'n at 17-18.

Defendant cites several district court decisions to support its argument. Mot. at 5; Reply at 2. Indeed, some courts have found it insufficient for plaintiffs to simply allege that an ATDS was used by copying the statutory language, instead requiring plaintiffs to describe details or circumstances indicating that they were called with an ATDS—for example, that a live person was not on the other end of the line, or that they received messages with identical content. *E.g.*, *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014); *see also Bodie v. Lyft*, No. 3:16-cv-02558-L-NLS, 2019 WL 258050, at *2 (S.D. Cal. Jan. 16, 2019).

In the Court's view, these decisions misapply—and improperly heighten—the plausibility pleading standard of *Twombly* and *Iqbal*. Under these watershed decisions, of course, a plaintiff must allege more than mere legal conclusions, and cannot disguise legal conclusions as factual allegations. *Iqbal*, 556 U.S. at 678. Nor can "[t]hreadbare recitals of the elements of a cause of action" survive a Rule 12(b)(6) motion. *Id.* But Defendant's uncritical application of the *Twombly* and *Iqbal* pleading standard is ill-

Case 8:19-cv-01425-DOC-KES   Document 17   Filed 11/20/19   Page 5 of 10   Page ID #:118

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES　　　　　　　　　　　　　　　　　　　Date: November 20, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

suited to statutes like the TCPA, in which the elements of a cause of action include a question of fact.

Consider, by way of contrast, the elements of a contract claim: the existence of a valid contract, the plaintiff's performance or excused nonperformance, the defendant's breach, and resulting damages to the plaintiff. *See, e.g.*, *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). None of these elements states a *fact*, and as the logic of *Twombly* and *Iqbal* rightly concludes, a plaintiff who merely alleged, e.g., "we had a contract, I performed, the defendant breached, and I incurred damages as a result" would not have asserted any facts to support a claim. Each element is rather only a conceptual veneer, a legal interpretation of some underlying phenomena in the world. And without any "factual content," a court cannot "draw [any] reasonable inference" that the alleged misconduct occurred. *See Iqbal*, 556 U.S. at 678. Thus, for example, to adequately plead the performance element of a claim for breach of contract, a plaintiff would have to allege something like, "our written agreement required me to do *X*, *Y*, and *Z*, and I did *X*, *Y*, and *Z*"—i.e., the necessary factual predicate for the legal conclusion that the plaintiff performed.

But statutes like the TCPA—in which a fact, and not merely a legal conclusion, is one of the elements of a claim—fit poorly with a rote application of the plausibility pleading standard. As explained above, one element of a TCPA claim is that "the defendant . . . us[ed] an automatic telephone dialing system." *Meyer*, 707 F.3d at 1043. This element does not invoke a legal concept or interpretation (e.g., "valid contract," "substantial performance"), the applicability of which courts would then have to decide based on the facts at hand. Instead, this TCPA element directly assigns legal significance to the existence of a fact; the legal conclusion is not merely based on, but *identical with*, the factual determination. And unlike the breach of contract example, in which all the elements are legal conclusions, a plaintiff alleging this TCPA element simultaneously and necessarily makes a factual assertion. That is, even a mere recitation of this element *also* asserts a claim about the physical state of affairs in the world, not just a legal interpretation thereof.

A careless application of *Twombly* and *Iqbal*, however, would transform an otherwise adequate factual assertion (e.g., "the defendant made calls with an automatic dialer") into an insufficient conclusory allegation, merely because the statute directly incorporates a factual matter into the elements of a cause of action. And it is nonsensical that such an allegation—which advances not some legal conclusion, but a factual, empirical claim—would become implausible and conclusory merely because Congress identified relevant facts in a statute and assigned them legal significance.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-1425-DOC-KES                                       Date: November 20, 2019
                                                                                              Page 6

Worse yet, taken to its logical end, Defendant's argument would essentially "disqualify," for pleading purposes, any factual matter encompassed by a cause of action, thereby heightening a plaintiff's burden to survive a motion to dismiss. (And, perversely, the more factual description or definition provided by a statute, the heavier the plaintiff's burden would become, as more and more factual detail was reduced to "mere recitation" of the statute.) This argument threatens to turn *Twombly* and *Iqbal* into a one-way ratchet, requiring plaintiffs to plead ever more specific and detailed factual allegations *whenever* a cause of action includes at least one matter of fact as an element. And in cases like the one at hand—in which Plaintiff, without discovery, has no meaningful access to Defendant's inner workings and operations, and thus only a limited ability to assert specific facts about Defendant's conduct—this heightened pleading standard could well render insurmountable the information asymmetries faced by plaintiffs, thereby closing the federal courts to potentially meritorious claims with an impossibly demanding pleading standard.

As applied to the TCPA, the heightened pleading standard advanced by Defendant (and applied in the cases it cites) will also incentivize wrongful automatic-dialer users to employ increasingly devious tactics. Advances in technology, including artificial intelligence and natural language processing, carry the possibility of eliminating the sort of additional facts the heightened pleading standard demands, such as a pause at the beginning of a call, identical messages, or a robotic voice. Even today, a sufficiently motivated spam caller could produce substantially similar but nonidentical messages, which could then be read over the phone in a highly realistic, but computer-generated, human voice (colloquially known as "deepfake" audio, which uses artificial intelligence to simulate a person's voice). Without the current indicia of an automated call, plaintiffs would be unable to plead the sort of additional facts certain courts have demanded, making it impossible for a TCPA suit to survive a motion to dismiss—and allowing users of automatic dialers to violate the TCPA with utter impunity.

The Court declines to adopt a line of reasoning with such inequitable and undesirable consequences, and as such will not hold Plaintiff to a higher pleading standard than *Twombly* and *Iqbal* require. In sum, the Court holds that when a statute directly assigns legal significance to the existence of a fact, or a cause of action includes a matter of fact as an element, a complaint need not allege *additional* facts to sufficiently plead the fact at issue—and said fact is not rendered a conclusory allegation by its inclusion in a statute or cause of action. Having addressed Defendant's faulty argument, the Court now turns to the proper analysis of Plaintiff's allegations in Count I.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 19-1425-DOC-KES | Date: November 20, 2019 |
| | Page 7 |

### 2. Plaintiff's Factual Allegations Constitute a Facially Plausible Claim

Plaintiff alleges, *inter alia*, that Defendant "began to use an ATDS on November 6, 2018 to call Plaintiff on his mobile phone," and that Defendant made twenty-three "automated collection calls to Plaintiff"; he also refers to Defendant's "robot dialer." Compl. ¶¶ 26, 29-30. It is well established that a plaintiff need not make "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). On the contrary, a complaint need only be "plausible on its face," alleging only as much factual detail as necessary for "the court to draw the reasonable inference that the defendant is liable." *Id.* And in making this determination, courts may properly "draw on [their] judicial experience and common sense." *Id.* at 679. Here, Plaintiff makes the factual allegation that Defendant (a large corporate bank trying to collect on a debt purportedly owed by Plaintiff) repeatedly called him with an automated dialer. The Court finds this allegation eminently plausible, well beyond the merely speculative level that would warrant dismissal, and accordingly holds that Plaintiff has stated a claim under the TCPA.

The Court further notes that other district court decisions—unlike those cited by Defendant—have followed a similar line of reasoning. When considering an amended complaint that alleged "that [the defendant] used an automatic telephone dialing system," the Northern District of Illinois rejected the defendant's argument "that the amended complaint lack[ed] sufficient details to plausibly suggest that [the defendant] used an automatic telephone dialing system." *Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012). On the contrary, the court held that it would not "be reasonable to hold plaintiffs in TCPA cases to the standard proposed by [the defendant] since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence" to sustain a claim—rendering defendants "virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." *Id.* (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)); *see also Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) (finding sufficient an allegation that essentially quoted the statutory definition of an ATDS). The Court agrees with this lucid analysis and finds this rationale equally applicable to the case at hand.

In the alternative, even under the improper standard applied by Defendant, the Court finds that Plaintiff has sufficiently pleaded his TCPA claim. Besides his allegations that Defendant called him with an ATDS, Plaintiff also claims that he usually received these calls around 8 a.m. Compl. ¶ 31. This alleged regularity supports a reasonable inference that the calls came from an automated system. Plaintiff also alleges that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES                                                                        Date: November 20, 2019
                                                                                                                                    Page 8

"researched the phone number 800-955-6600," from which he received the calls, and learned that Defendant "uses this and other numbers in its debt collection attempts via an ATDS." Compl. ¶ 71. And in the *Wheeler* case Plaintiff cites, the complaint claimed that automated phone calls came from that very phone number. Plaintiff's Complaint for Damages ¶¶ 9-12, *Wheeler v. Capital One Bank (USA) N.A.*, No. 6:17-cv-3321-MDH (W.D. Mo. Oct. 7, 2017). These factual allegations provide additional support such that Plaintiff's TCPA claim withstands even the heightened scrutiny of Defendant's improper pleading standard.

      Finally, Plaintiff represents to the Court that he has documented "the specifics of each artificial or pre-recorded voice phone call made by [Defendant]," and that he could provide an affidavit listing "each phone call with more specific details." Opp'n at 18 n.6. While, again, it would be legally improper to demand that Plaintiff plead additional facts about the phone calls, the Court also sees no justice or efficiency in requiring Plaintiff, litigating pro se, to file an amended complaint and new briefing on a second motion to dismiss. Plaintiff should simply provide his records of specific details about the calls during discovery.

      In short, the Court finds that Plaintiff has alleged sufficient facts to state a claim under a correct application of the *Twombly* and *Iqbal* pleading standard, as well as under Defendant's wrongly heightened standard. Defendant's Motion is therefore DENIED with respect to Count I of the Complaint.

## B.     Plaintiff Has Failed to State a Claim Under the Fair Debt Collection Practices Act

      Count II of the Complaint arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Plaintiff alleges that, after sending multiple requests for the signed credit card agreement relevant to the balance at issue, Defendant sent a generic, inapplicable agreement and continued its attempt to collect the alleged debt. Compl. ¶¶ 75-82. As such, Plaintiff contends that Defendant unfairly attempted to collect a debt not authorized by any agreement. *Id.* ¶ 84.

      The FDCPA defines "debt collector" to two ways: either as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or as (2) any person "who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In addition, a creditor can be a debt collector if they

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-1425-DOC-KES | Date: November 20, 2019 |
| | Page 9 |

attempt to collect their own debts under a different name, so as to give the appearance that a third party is attempting to collect said debts. *Id.*

The Supreme Court has held that § 1692a(6) encompasses "third party collection agents working for a debt owner," not "a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). Generally, then, a creditor seeking to collect its *own* debt could only be a "debt collector" within the meaning of the FDCPA if either (1) the principal purpose of the creditor's business is debt collection, or (2) the creditor regularly attempts to collect debts owed to a third party. *See* § 1692a(6); *see also Henson*, 137 S. Ct. at 1721 (noting that these alternative theories were beyond the scope of the Court's grant of certiorari).

Regarding the first theory, Plaintiff's Complaint does not set forth any facts to suggest that the principal purpose of Defendant's business is debt collection. Moreover, the Ninth Circuit has interpreted this language narrowly—that is, the "principal business" must itself be "the collection of debts"; the definition does not include "collect[ing] a debt in the course of doing business." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013).

With respect to the second theory, the Complaint fails to include factual allegations from which the Court could reasonably infer that Defendant regularly collects or attempts to collect debts owed to someone other than itself. To the contrary, the Court's impression after careful reading of the Complaint is that Defendant acquired a debt originally owed by Plaintiff to HSBC. *See* Compl. ¶ 36. However, both the Supreme Court and Ninth Circuit have held that "owed or due another" does not encompass "debts *originally* owed to another but now owed to" Defendant. *See Schlegel*, 720 F.3d at 1210; *see also Henson*, 137 S. Ct. at 1724 (holding that the phrase "owed . . . another" does not include "debts *previously* owed to another").

Finally, after surveying additional cases interpreting § 1692a(6), the Court finds that the definition presents an insurmountable barrier to Plaintiff's FDCPA claim and that amendment would therefore be futile. *See, e.g.*, *Wyman v. Wells Fargo Bank, N.A.*, No. C 18-03236 WHA, 2018 WL 3474325, at *2 (N.D. Cal. July 19, 2018) (dismissing with prejudice an FDCPA claim against a creditor attempting to collect on its own debts); *Smith v. Capital One Fin. Corp.*, No. C 11-3425 PJH, 2012 WL 1669347, at *3 (N.D. Cal. May 11, 2012) (same). As Plaintiff has failed to plead a claim under the FDCPA on which relief could be granted, the Court DISMISSES WITH PREJUDICE Count II of the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-1425-DOC-KES　　　　　　　　　　　　　　　　Date: November 20, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 10

## IV.　Disposition

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. Specifically, the Court finds that Count I of the Complaint is adequately pleaded, but DISMISSES WITH PREJUDICE Count II of the Complaint.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djl