FILED

2019 DEC -2 PM 3: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY____

Eric Hatteberg
2322 Calle Almirante
San Clemente, CA 92673
949-370-0051
gabwitheric@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HATTEBERG,<br>    Plaintiff,<br>vs.<br>CAPITAL ONE BANK (USA), N.A. ASSIGNEE OF HSBC BANK NEVADA, N.A.,<br>    Defendant | Case No.: 8:19-cv-01425-DOC-KES<br><br>**Joint Rule 26(f) Report**<br><br>**Scheduling Conference:**<br>Date: December 16, 2019<br>Time: 8:30am<br><br>Honorable David O. Carter |

In compliance with the Court's October 10, 2019 Scheduling Order, Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Eric Hatteberg, as Pro Se ("Plaintiff"), and Defendant Capital One Bank, (USA), N.A., Assignee of HSBC Bank Nevada, N.A.,(Defendant objects to the entity being sued by Plaintiff; asserts entity should be "Capital One Bank (USA), N.A.) ("Defendant"

1

or "Capital One"), by and through their respective counsel of record, respectfully submit the following Joint Report.

Plaintiff and Defendant Capital One met and conferred on November 26, 2019 in order to prepare this Joint Report.

## I.  FACTUAL Summary of The Case Claims & Defenses

**Plaintiff:** Capital One alleged Plaintiff was obligated on a transaction account ("Account"). Plaintiff disputed the amount owed and terms of the alleged Account beginning October 2018. Capital One received a "cease and desist" order from Plaintiff revoking consent to contact Plaintiff's cellular phone in October 2018. Plaintiff received twenty-three (23) unauthorized phone calls after this date in violation of the Telephone Consumer Protection Act ("TCPA"). All calls originated from a number known to be used for debt collection purposes, originated from an ATDS, occurred frequently at the same time each day, and the calls were made with an artificial pre-recorded voice.

**Defendant:** Defendant denies committing any wrongful act or violating any law. Specifically, Defendant asserts that at all relevant times it had consent to call Plaintiff with an autodialer regarding his alleged debt owed to Defendant. Defendant asserts that any phone calls made to Plaintiff were not made with the use of an automatic telephone dialing system. Defendant denies any liability to Plaintiff in this case, and specifically, denies that it violated the TCPA. Defendant further denies Plaintiff is entitled to any of the relief he seeks from Defendant.

## II.  LEGAL ISSUES

Plaintiff:  The principal legal issues are whether Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* which protects consumers from receiving harassing, intrusive and unwanted phone calls.

The Parties are not aware of any unusual procedural, substantive, or evidentiary issues.

Defendant:

Whether Defendant called Plaintiff using an automatic telephone dialing system as defined in 47 U.S.C. § 227;

Whether Defendant had prior express consent to call Plaintiff using an automatic telephone dialing system;

Whether Defendant's calls that violated the TCPA were willful and knowing violations of the TCPA;

Whether Defendant's calls were for the purposes of collecting a debt;The appropriateness of Defendant's actions pursuant to the terms of Plaintiff's Credit Card Agreement, as it relates to the TCPA;

Whether DEFENDANT violated the TCPA;

Whether Plaintiff suffered any damages and, if so, the extent of any damages.

### III.  **MOTIONS**

Plaintiff:  There are no prior or pending motions.  Plaintiff does not anticipate the filing of any motions at this time, however Plaintiff reserves the right to file all appropriate motions.

Defendant: Defendants will likely file a protective order. Defendants also anticipate filing a motion for summary judgement at or near the end of discovery. Possible issues that may be determined by motion for summary judgement include whether any call at issue was made by an automatic telephone dialing system as that term is defined by the TCPA; whether Plaintiff has suffered any damages, and if so, whether those damages can be attributed to Defendant.

//
//

## IV. AMENDING THE PLEADINGS

The Parties do not anticipate the need to amend the pleadings further or to add additional parties; however, Plaintiff requests the ability to amend pleadings, if necessary, until the date of the Discovery cut-off.

## V. INITIAL DISCLOSURES

The Parties agree to comply with the provisions of Federal Rule of Civil Procedure 26(a)(1)(c) by providing initial disclosures no more than 14 days after the Scheduling Conference on December 16, 2019.

## VI. DISCOVERY PLAN AND STATUS

Plaintiff:  Plaintiff is preparing for discovery at this time, but has not conducted any discovery to date.

Plaintiff's discovery will be directed toward all correspondence sent and received between the parties and electronic receipts indicating correspondence has been received; other correspondence between any party and a government agency. Plaintiff will direct discovery toward phone records, recordings of voice mails, and any other applicable items.  Plaintiff plans to serve Defendants a Request for Admissions, Request for Documents and Interrogatories.

Plaintiff does not foresee any issues about claims of privilege or of protection and Plaintiff does not intend to file a protective order.

The Parties agree to the production of documents stored in electronic format (.pdf) or in hard copy.  The parties are not aware of any preservation issues.

The Parties confirm the number of interrogatories and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.  The Parties propose no more than 30 document requests and no more than 30 requests for admission to be served per party.

1  No changes are necessary to the Rule 26(a) disclosures and discovery is not
2  to be conducted in phases or otherwise limited. All discovery will be governed by
3  the Federal Rules of Civil Procedure including the limits set forth in the rules.
4  Defendant: This matter is not complex. Discovery has not yet started.
5  Defendant anticipates it will take the deposition of Plaintiff, and may also take
6  depositions of any third-party witnesses.
7  Defendant anticipates production of confidential, trade secret, and/or
8  commercially sensitive information during the pendency of this action. As such,
9  anticipates requesting a protective order, to be entered by the Court, to govern the
10 use and disclosure of information that is deemed confidential, trade secret, and/or
11 commercially sensitive.

## VII. RELATED CASES

Plaintiff: Plaintiff has a related case in Orange County Superior Court, Case# 30-2019-01078453-CL-CL-CJC, and said case was documented in his Complaint.

## VII. RELIEF SOUGHT IN THE COMPLAINT

Plaintiff: Plaintiff is seeking the following damages:

(a) Statutory damages

    (i) $500 per TCPA violation (x23= $11,500.00)

    OR

    (ii) $1,500 per willful TCPA violation (x23= $34,500.00)

(b) Filing Fees

(c) Process server cost, printing cost, and postage

(d) For any other relief as the Court may deem proper.

Plaintiff understands the TCPA is a strict liability statute that creates a private right of action with each violation resulting in damages of no less than

$500, which may be trebled for willful or knowing violations pursuant to 47 U.S.C. §227(b)(3)(B)-(C)

**Defendant:** Capital One denies Plaintiff is entitled to any damages.

## IX. PROPOSED DATES LEADING TO TRIAL DATE

The Parties jointly propose the following dates:

(a) Discovery cut-off date: June 8, 2020
(b) Final motion cut-off date: July 27, 2020
(c) Final Pretrial Conference date: August 31, 2020
(d) Trial date: September 29, 2020

## X. TRIAL ESTIMATES

Plaintiff has demanded a jury trial. The Parties estimate the trial should take no more than 2-3 days

## XI. SETTLEMENT DISCUSSIONS

The parties are actively engaged in settlement negotiations. Both Parties are hopeful this matter can resolve itself promptly.

The parties consent to a settlement conference before a magistrate judge if the two parties are unable to come to mutual settlement agreement.

## XII. COMPLEXITY OF CASE

The Parties agree the case is not complex and does not require reference to the manual for complex litigation.

## XIII. SEVERANCE, BIFURCATION, ORDERING OF PROOF

The Parties do not anticipate severance, bifurcation or other ordering of proof will be required based on the current pleadings.

Respectfully submitted on this day of DECEMBER 2, 2019

_____
Eric Hatteberg, Plaintiff, Pro Se


BALLARD SPAHR

By: s/ *Marcos D. Sasso*
Marcos Daniel Sasso
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I, Eric Hatteberg, filed with the clerk of the court, the above NOTICE on ~~[struck through]~~, and sent a copy to counsel on record via postal mail.

DECEMBER 2, 2019

Marcos D. Sasso
Attorney for Capital One
Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067
(424)204-4400
sassom@ballardspahr.com

*[signature]*

Eric Hatteberg, Plaintiff, Pro Se
2322 Calle Almirante
San Clemente, CA. 92673
(949)370-0051
gabwitheric@gmail.com